Moss et al. *v.* Columbus Board of Education et al.

(No. 77CV-07-3045—Decided April 5, 1978.)

Court of Common Pleas of Franklin County.

*Mr. Robert K. Hammersmith,* for plaintiffs.
*Mr. Lawrence H. Braun,* for defendants.

Fais, J.

## I.
## STATUS OF PARTIES AS DEFINED BY THE PLEADINGS, ARGUMENTS AND BRIEFS

The complaint filed herein requests a declaratory judgment "and other proper relief."

The two plaintiffs are minors and residents of the Columbus school district, and the action is brought by the father of each as next friend. The relief claimed by the plaintiffs is defined in R. C. Chapter 2721, *i. e.,* Declaratory Judgments.

Defendants are duly constituted administrative authorities having the management and control of the Columbus public schools of whatever name or character, in its respective district by virtue of R. C. 3313.47.

The gravamen of the complaint relates facts seeking declaratory relief for plaintiffs to attend a school located and established in the neighborhood of their residences by

virtue of R. C. 3313.48. The plaintiffs claim a further right under said code section to receive a free education in their neighborhood school.

Defendants by an amended answer filled January 23, 1978 admit: "1) The residency of the plaintiffs. 2) That the 'issue in dispute' is whether the plaintiffs have a right to attend a 'neighborhood' school."

Defendants deny the remaining allegations of the complaint, thereby putting in issue these claims of the plaintiffs found in paragraphs numbered three and four: "3. A dispute between plaintiffs and defendants now exists, or is imminently certain to exist, with respect to plaintiffs' rights beginning with the school year starting in September of 1977, to attend and receive a free education at the schools which defendants have located and established in the neighborhood of plaintiffs' residences in compliance with Section 3313.48, Ohio Revised Code."

"4. The rights granted to the plaintiffs by the legislature of the state of Ohio in Section 3313.48, Ohio Revised Code, have not been taken away from them by any legislative or judicial process, and there is no pending legislation or judicial proceeding in which the abrogation of such rights are in issue or in which such rights can be adjudicated."

The defendants not only deny these foregoing allegations, but defendants claim such statements "are legal conclusions which this Court must make * * *."

Defendants further defend by saying that their actions are a result of "following Orders of the United States District Court."

The defendants clearly join with plaintiffs by asking "that the Court declare the rights of the respective parties to this action if the Court finds such declaration to be appropriate * * *."

Lengthy argument, testimony of witnesses and briefs of both parties supplement the pleadings, all of which the court has fully examined and carefully considered.

## II.
## SCOPE AND APPLICABILITY OF THIS RULING

Let it be understood that nothing this court writes, finds

or concludes herein shall in any way directly, or indirectly, affect, change, modify, alter, interpret, or relate to any rulings, decisions, or judgments made in the United States District Court, and more especially to Civil Action C-2-73-248 entitled *Gary L. Penick et al.* v. *Columbus Board of Education et al.*, decided by the United States District Court, for the Southern District of Ohio, Eastern division.

Any inference or comment to the contrary would be ill advised, inappropriate and without effect or consequence.

## III.
## THE ISSUE

It is extremely important to note that the question to be resolved in the instant case is significantly narrow, and it is confined to "the issue," as defined and stated by counsel for plaintiffs in his brief: "The *only issue* in the case is whether Section 3313.48, Revised Code, confers a right upon plaintiffs to attend one of the schools located in the neighborhood of their residence. *This is the only prayer of the complaint properly made under Chapter 2721, Revised Code.*" (Emphasis added.)

Issues arise upon the pleadings. When a fact or conclusion of law is maintained by one party and controverted by another, the disputed point or question is submitted to the court for decision. The parties find themselves to be in dispute on a single, certain and material point, *viz.*, the rights of the plaintiffs under R. C. 3313.48.

## IV.
## RELIEF BY DECLARATORY JUDGMENT
## REQUESTED

Can this court consider and grant declaratory relief for reasons stated in the pleadings and the arguments and briefs? Jurisdiction is the first question to be resolved, and this court has done its best to determine the facts and to make reasonable legal conclusions therefrom. Should the conclusions reached herein be questioned, the present status of the law as it respects declaratory judgment is reviewed with sincerity and diligence.

The court is aware of the fact that a reviewing court might come to a different conclusion, for the declaratory

judgments chapter of the Revised Code is under constant review and interpretation. The Act is said to have been designed to supply deficiencies in legal procedure not known to, or recognized by, the common law.

A declaratory judgment action is essentially a statutory proceeding under R. C. Chapter 2721. It is provided that courts may declare rights, status and other legal relations whether or not further relief is or could be claimed. Civ. R. 57 is consistent with Chapter 2721, and together they provide procedural means which afford relief and settlement of controversies when parties otherwise would act at their peril or be uncertain as to their legal rights.

Under R. C. 2721.03 any person may seek a judicial determination under appropriate circumstances: "Any person interested under a deed, will, written contract, or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, municipal ordinance, contract, or franchise, may have determined *any question* of construction or validity arising under such instrument, constitutional provision, *statute, rule,* ordnance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder." (Emphasis added.)

It is a practical action to invoke in order to secure relief before a loss occurs. It is said that the remedy afforded by R. C. Chapter 2721 is to be liberally construed and freely applied. *Sessions* v. *Skelton* (1955), 163 Ohio St. 409.

Also, there is a great deal of judicial discretion in the granting or denying of declaratory relief as noted in *Bilyeu* v. *Motorists Mutual Ins. Co.* (1973), 36 Ohio St. 2d 35, 37: "It is a general rule that the granting of declaratory relief is a matter for judicial discretion. *Aetna Life Ins. Co.* v. *Haworth* (1937), 300 U. S. 227. See Borchard, Declaratory Judgments (2 Ed.), 61. See, also, 22 American Jurisprudence 2d 845, Declaratory Judgments, Section 9. In *Aetna,* at page 241, the Supreme Court held that in order to grant declaratory relief the court must be convinced of the existence of '* * * a real and substantial controversy

admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'

"Thus, a determination as to the granting or denying of declaratory relief is one of degree. Although this court might agree or disagree with that determination, our decision must be whether such a determination is reasonable."

Such a special action will not be entertained unless there is an actual controversy (courts often call it a "real" controversy) which is justiciable in character, and where speedy relief is demonstrated to protect the rights of the parties. *Burger Brewing Co.* v. *Liquor Control Comm.* (1973), 34 Ohio St. 2d 93, at 97 states: "In *American Life & Accident Ins. Co.* v. *Jones,* the court held that a declaratory judgment action could be entertained under G. C. 1345-1, to determine whether the insurance company should contribute to the state unemployment compensation fund for its agents. There, at page 296, Judge Stewart listed the three elements prerequisite for the declaration: (1) A real controversy between the parties; (2) which is justiciable in character; and (3) speedy relief is necessary to preserve the rights of the parties.

"For a real controversy to exist it is not necessary that the plaintiffs violate the regulation, as long as there is a controversy ' "between parties having adverse legal interests, *of sufficient immediacy and reality* to warrant the issuance of a declaratory judgment." ' (Emphasis added. ) *Peltz* v. *South Euclid, supra,* at page 131. In the present case, there is no doubt that there are adverse legal interests. On one side of the controversy are the manufacturers, seeking a judgment declaring the regulation void in order to avoid its economic constraints; on the opposite side are the wholesalers, invoking the regulation to set a ratio of the price charged them and the retailers.

"To aid in the determination whether a controversy 'is justiciable in character' or there is the 'ripeness' necessary for review, United States Supreme Court Justice Harlan, in *Toilet Goods Assn.,* v. *Gardner* (1967), 387 U. S. 158, 162, developed a two-fold test:

" '* * *first to determine whether the issues tendered are appropriate for judicial resolution, and second to assess the hardship to the parties if judicial relief is denied at that stage.' See also Justice Frankfurter's concurring opinion in *Joint Antifascist Refugee Committee* v. *Mc-Grath* (1951), 341 U. S. 123, 156; and Jaffe, Ripeness and Reviewable Orders in Administrative Law, 61 Mich. L. Rev. 1273, 1296 (1963)."

Plaintiffs are asking for relief with respect to the construction of a statute. Justice William Brown declared in *Burger* page 96, that: "This court has previously upheld the right to declaratory relief pertaining to the construction and validity of statutes and ordinances. This court construed a statute in *American Life & Accident Ins. Co.* v. *Jones* (1949), 152 Ohio St. 287, and determined the validity of a statute in *Canton* v. *Imperial Bowling Lanes* (1968), 16 Ohio St. 2d 47. The validity of a city ordinance was determined in *Wilson* v. *Cincinnati* (1960), 171 Ohio St. 104, and in *Peltz* v. *South Euclid* (1967), 11 Ohio St. 2d 128. See, also, *Burt Realty Corp.* v. *Columbus* (1970), 21 Ohio St. 2d 265."

Construing a statute is the obligation of the Court in this case. The courts of Ohio appear to be expanding the use and applicability of the Act rather than restricting or limiting its use. This expansion was noted in *Burger* by Justice Brown when he concluded that a declaratory judgment action was proper to determine the validity of an administrative agency regulation, page 96 of the opinion: "As Professor David stated in his Administrative Law Text (1959 Ed.), 383, Section 21.06; 'From the standpoint of timing a challenge, regulations are hardly distinguishable from statutes.' So the court's declarative decisions involving the construction and validity of statutes and ordinances provide us with guidelines for the determination of the validity of regulations."

" * * * and the mere fact that a particular matter has not yet been made the subject of such an action in Ohio is not necessarily to be taken to mean that such an action cannot be brought." 16 Ohio Jurisprudence 2d

(Rev.) 597, Declaratory Judgments, Section 13.

A further question is raised. Should this Court proceed in view of *Penick*? A study of the two cases reveals differences in the fundamental legal questions and the ultimate relief sought. No question was raised in *Penick* as to the meaning, constitutionality or rights arising under R. C. 3313.48. The parties are different in each case, and in *Penick* the Fourteenth Amendment to the United States Constitution was invoked, affirmative relief was sought, a finding of liability was sought and obtained, complex questions of racial imbalance and unlawful segregtion were presented to the Court.

The issues in the instant case were not raised, considered, discussed or concluded by Court Order in *Penick*. *If the matters at issue in the present case had been raised, or decided, in Penick this Court would not entertain any consideration of the matters presented herein.*

Based upon the foregoing this Court concludes that it has an obligation to render its declaratory judgment as to the meaning of R. C. 3313.48 as passed by the Ohio General Assembly effective June 22, 1973.

## V.
## CONCLUSIONS OF LAW

R. C. 3313.48 concerns all of the parties and provides in pertinent part: "The board of education of each city, exempted village, local, and joint vocational school district shall provide for the free education of the youth of school age within the district under its jurisdiction, at such places as will be most convenient for the attendance of the largest number thereof. * * *"

Relating back to "the issue", Part III herein, this Court relies upon the decisions in *Deal* v. *Cincinnati Board of Education* (C. A. 6, 1966), 369 F. 2d 55, 38 O. O. (2d) 117; and *Deal* v. *Cincinnati Board of Education* (C. A. 6, 1969), 419 F. 2d 1387, 53 O. O. (2d) 205.

Both *Deal* cases, decided by the United States Court of Appeals, Sixth Circuit, held that: "The state legislature had the constitutional right and power to enact R. C. Sec. 3313.43 which provides for the neighborhood school

plan for the location of public schools." 53 O. O. (2d) 205, Headnote 1.

In its opinion the Court of Appeals concluded that "The neighborhood school plan for the location of public schools in Ohio is provided for by statute, which requires school boards to—

" '* * * provide for the free education of the youth of school age within the district under its jurisdiction, at such places as will be convenient for the attendance of the largest number thereof.' Section 3313.48, Revised Code.

"It is not questioned that the state legislature had the constitutional right and power to enact this statute." 53 O. O. (2d), at 208-9.

The language of the Court of Appeals is clear, and its statement is short and precise. The decision in *Deal* is unreversed, and the *Deal* decision provides the basis for the judgment rendered herein.

## VI.
### JUDGMENT

With no less authority than the *Deal* decision by the United States Court of Appeals, Sixth Circuit, it is the opinion and finding of this Court that:

1) R. C. 3313.48 is constitutional.

2) Said code section provides for the neighborhood school plan for the location of public schools in Ohio, and the legislative intent is clear and unambiguous.

3) The decision in *Deal* is controlling as to the Declaratory Judgment rendered herein.

Declaratory Judgment is therefore rendered by this Court consistent with the findings stated.

*Judgment accordingly.*