GAIB, APPELLANT, *v.* GAIB ET AL., APPELLEES.

(Nos. 83AP-339 and -340—Decided December 22, 1983.)

*Messrs. Scott, Walker & Kuehnle* and *Mr. Thomas C. Scott,* for appellant.

*Messrs. Karam & Feinstein, Mr. Michael J. Fusco* and *Mr. Steve J. Edwards,* for appellees.

McCORMAC, J. Plaintiff-appellant, John R. Gaib, has appealed the judgment of the Franklin County Court of Common Pleas, finding in favor of defendant-appellee Richard C. Gaib et al. (hereinafter "defendant" in the singular form, refers to Richard C. Gaib) on two creditor's bill actions brought by plaintiff against defendant pursuant to R.C. 2333.01.

The appeal is based on the following three assignments of error:

"I. The trial court erred by failing to recognize that appellant, by filing a creditor's bill action pursuant to section 2333.01 of the Ohio Revised Code acquired a specific lien against the assets of appellees that were attached and had priority over creditors who had no specific lien on these assets prior to the commencement of the creditor's bill action.

"II. The trial court erroneously concluded that a judgment in favor of appellant would have changed the priorities of the creditors.

"III. The trial court erred by applying the priorities established by mortgages that other creditors had in certain real property of appellees to the assets attached by appellant in the creditor's bill action and in which these other creditors did not have a security interest or other lien."

Plaintiff filed two creditor's bill actions in an effort to collect $85,714.29 owed to him by defendant as a result of a judgment for that amount obtained on December 23, 1981, but which plaintiff was unable to collect. The first creditor's bill action was filed on August 20, 1982 seeking to attach defendant's interest in the estate of Raymond Gaib, deceased, and the proceeds of life insurance on the life of Raymond Gaib. The second action was filed on September 7, 1982, to obtain defendant's interest in two pending lawsuits in federal court against the J.I. Case Company, in addition to the interest sought in the first action. By agreement of the parties, the two actions were consolidated and submitted to a referee, solely upon a stipulation of the facts. Also pending at this time was a foreclosure action commenced against defendant by Columbus Production Credit Association ("CPCA"), in August 1981. It was also consolidated with the creditor's bill actions before the referee.

In his report, the referee stated that, in spite of R.C. 2333.01, the dispute must be governed by equitable principles, specifically the doctrine of "first in time, first in right." The referee then noted that mortgages held by CPCA and the Federal Land Bank ("FLB") on the land of defendant existed long before plaintiff was awarded judgment against defendant. The referee noted that plaintiff was aware of the debts owed because the mortgages were on land which had formerly been partially owned by him. The referee concluded that to allow plaintiff to establish creditor priority superior to FLB and CPCA over property of defendant by way of a creditor's bill would be inequitable and would improperly alter the previously established legal priorities among the creditors. In other words, the referee found the liens obtained by plaintiff on the equitable interest held by defendant in certain personal property to be secondary to the liens held by FLB and CPCA on the real property. However, neither FLB nor CPCA had obtained any secured interest in the personalty attached by plaintiff through the creditor's bills. Nevertheless, the referee recommended judgment for defendants against plaintiff on equitable principles. Objections to the referee's report were overruled and judgment was entered dismissing plaintiff's creditor's bills.

Plaintiff's three assignments of error are combined for discussion as they are interrelated. In essence, plaintiff asserts that the court erred in failing to recognize the liens obtained by plaintiff through the creditor's bill actions filed against defendant, in concluding that to so recognize them would alter preexisting legal priorities, and in holding that priorities established by other creditors through mortgages on real property could be applied to other assets of the debtor which had previously been attached by plaintiff in the creditor's bill actions, although the creditors had no security interest in any of defendant's property other than the realty to which the mortgages applied.

The primary issue is whether a priority established by a security interest in one asset of a debtor can be transferred to another asset of the debtor, which is not secured, to gain priority over the rights of another creditor (in this case, plaintiff) who has previously obtained a lien over the second assets.

A creditor's bill action under R.C. 2333.01 is equitable in nature and is proper when a judgment debtor has insufficient real or personal property to levy on to satisfy the judgment, in which case other assets shall be subject to the payment of the judgment. Plaintiff had not collected his $85,714.29 judgment by levy on real and personal property of defendant. By filing the creditor's bills, plaintiff secured a lien on the assets of defendant which he attached, *Ball & American Exchange Bank* v. *Towle Mfg. Co.* (1902), 67 Ohio St. 306, assuming that plaintiff can satisfy the requirement of R.C. 2333.01 that defendant did not have sufficient real or personal property subject to levy on execution to satisfy the judgment. See *Boltz* v. *Stolz* (1885), 41 Ohio St. 540. It was stipulated that the assets which were the subject of the creditor's bills were not subject to execution. However, the stipulations do not address the sufficiency of real or personal property subject to levy. Plaintiff argued that judicial notice could be taken of the fact that the defendant's properties were insufficient because defendant was in the process of having his land foreclosed. However, plaintiff was a party to the foreclosure action with some right to proceeds if available after the claims of creditors with better priorities were satisfied. Thus, there was insufficient evidence to establish this prerequisite for the filing of a creditor's bill under R.C. 2333.01. The case is remanded on this point to allow presentation of evidence on this issue.

At the time the lien was obtained by the filing of the creditor's bills, no other liens were outstanding on these assets. Neither FLB nor CPCA had obtained any secured interests in these assets. Therefore, plaintiff maintains that he established the first and best lien on the assets named in the creditor's bills, and that his priority must be honored.

Although FLB and CPCA did not hold secured interests in these assets, both held mortgages on farm property of defendant. According to defendant, during negotiations for settlement of these debts, CPCA agreed to accept proceeds from defendant's interest in Raymond Gaib's estate and life insurance policies and in the pending lawsuits in federal court. Defendant claims that plaintiff was present during these negotiations and specifically filed the creditor's bills to obtain a priority over CPCA in the estate, insurance and lawsuit proceeds of defendant. Regardless of plaintiff's motives, the stipulated facts contain no evidence of any formal or written agreement between defendant and CPCA with respect to the proceeds from the estate, insurance and lawsuits. The stipulated facts show only that the attorney for plaintiff attended a settlement meeting held by the referee in regard to the foreclosure action and that the attorney for plaintiff stated that he would recommend one of the settlement options to plaintiff, which settlement option would have given priority to

CPCA and FLB over at least part of the assets which were subject to the creditor's bills. Instead of agreeing to any of the settlement options, plaintiff filed his creditor's bills.

The parties have not cited any authority, and there does not appear to be any, governing the factual situation presented herein. Defendant has effectively asked for, and the trial court has recognized, the existence of perfected security interests in favor of FLB and CPCA in substituted property, that being defendant's equitable interests in the estate, insurance policies and pending lawsuits, as security for the mortgages on the farm property. Security interests have been recognized in substituted property where the same kind of property was substituted for the secured property; and, by nature of the defendant's business, the security interest was viewed as a continuous one. See, *e.g.*, *Cargill, Inc.* v. *Perlich* (Ind. App. 1981), 418 N.E. 2d 274. In this case, the court has allowed a security interest in real property to be transferred to equitable interests held in certain personalty and pending lawsuits, where there was no substitution of property and the property was of a different kind. This case involves tacking on of the security interest to unrelated property, which cannot be accomplished by equitable substitution, absent formal action.

Had there been provision for exchange of collateral in the contracts (mortgages) between defendant and FLB and CPCA prior to the filing of the creditor's bills, a priority may have been established. As noted in 69 American Jurisprudence 2d (1973) 63, Secured Transactions, Section 238:

"* * * . [I]t would seem that a pledgee having the right by agreement to sell the collateral might under some circumstances have the right to exchange it for other collateral. Thus, where a debtor left property with his creditor as security for a loan, with directions to sell it, deduct his debt, and pay the balance to the debtor, and the creditor, instead of doing so, exchanged it for other property, the property received by the exchange did not necessarily belong to the creditor, nor was it necessarily liable to attachment for the payment of his debts. The right of property was determined by the debtor's ratification or repudiation of the contract of exchange. * * *'' (Footnote omitted.)

Thus, had defendant included in the provisions of the contracts (mortgages) with FLB and CPCA the right to transfer their interests to the proceeds of the estate, insurance and pending lawsuits, in settlement of the debt, arguably, FLB and CPCA would have priority on those assets over plaintiff. Defendant maintains that such an agreement was negotiated and agreed upon. However, no legal document evidencing such an agreement appears in the record and plaintiff never even orally agreed to that arrangement. By the terms of the settlement negotiation, there was no binding agreement and FLB and CPCA did not have any legal interest, let alone a perfected security interest, in the estate, insurance and pending lawsuits of defendant. Consequently, when plaintiff filed the creditor's bill actions attaching these unsecured interests in an effort to collect on the legal judgment awarded him, he succeeded in establishing the first lien on these items, thereby entitling him to priority, if he can prove that defendant did not have sufficient real or personal property subject to levy to satisfy the judgment at the time plaintiff commenced the creditor's bill actions. There is no basis in law or equity to find that any interest held by FLB and CPCA in real property automatically transferred to previously unsecured personalty interests, without the existence of a specific contract between defendant and FLB and CPCA, or

without perfection of security interests in these assets by FLB and CPCA.

Moreover, there is no basis to estop plaintiff from being able to claim the priority due him by the filing of his creditor's bills establishing liens over the named personalty of defendant. A party is not estopped from pursuing a legal remedy by attending a settlement meeting to which he is invited.

There was no altering of legal priority among creditors other than what occurs when an unsecured creditor takes advantage of a legal remedy which changes his status from an unsecured creditor to a secured creditor. The rights of a secured creditor are not compared with the rights of an unsecured creditor on a "first in time, first in right" basis so far as the secured property is concerned. To so hold would mean that an unsecured creditor who sits on his rights stands in the same position as a creditor who acquires a lien over specific property.

With respect to defendant's motion for a continuance of the hearing and the rendering of judgment herein, the motion is overruled, the United States Bankruptcy Court having terminated the automatic stay of Section 362, Title 11, U.S. Code, to permit plaintiff to prosecute the appeals herein and to allow the appeals to proceed to judgment in this court.

Plaintiff's assignments of error are sustained. The judgment of the trial court is reversed and the case remanded for further procedure consistent with this opinion.

*Judgment reversed and case remanded. Motion for continuance overruled.*

WHITESIDE, P.J., and REILLY, J., concur.