State Farm Mutual Automobile Insurance Company et al., *v.* Krohn et al.

(No. 83 CV E 25250—Decided March 8, 1985.)

Cleveland Municipal Court.

*Robert Olender,* for plaintiff State Farm Mut. Auto. Ins. Co.

*Michael Gallagher* and *Alton Stephens,* for defendant Krohn.

ADRINE, J. This matter came on for decision on plaintiffs' motion for leave to join American Motors Sales Corporation as a new party defendant herein, or in the alternative, for leave to substitute American Motors Sales Corporation for defendant American Motors Corporation. After due consideration of the record and the motion papers, the court finds the motion for leave to join American Motors Sales Corporation as a new party defendant not well-taken, but the motion for leave to substitute American Motors Sales Corporation for American Motors Corporation well-taken.

The statute of limitations applicable to plaintiffs' claim against American Motors Corporation and/or American Motors Sales Corporation expired on March 26, 1984. Accordingly, at this late date, plaintiffs cannot join a new-party defendant unless they have demonstrated compliance with the three re-quirements of Civ. R. 15(C). See Vickers, Procedural Defenses Available to the New-Party Defendant: The Necessity of Obtaining Leave to Amend and Relation Back (1983), 17 Akron L. Rev. 9. But this compliance must be demonstrated by documentary evidence in testimonial form, since the court can neither judicially notice such compliance, nor find in the record sufficient evidence to support a conclusion that Civ. R. 15(C) would authorize the joinder. Plaintiffs have failed to provide the court with the necessary documentary evidence in testimonial form. Therefore, the motion for leave to join American Motors Sales Corporation must be denied.

But the motion for leave to substitute American Motors Sales Corporation for American Motors Corporation is another matter. Here, plaintiffs rely upon *Smith* v. *Brush-Moore Newspapers* (1971), 27 Ohio St.2d 111 [56 O.O.2d 62]. The syllabus of that case reads as follows:

"Where a plaintiff files an action against a corporate defendant in the belief that it is the owner of premises on which plaintiff suffered injuries, when in fact the premises belong to another corporation which is a wholly owned subsidiary of the named defendant, and the parent corporation files a motion and answer in response to the petition but does not plead the defense of improper party until after the running of the statute of limitations, such plaintiff is then entitled to amend his petition to substitute the subsidiary corporation as defendant."

In the case at bar, plaintiffs filed their complaint on October 12, 1983. Paragraph 5 thereof alleged as follows:

"At all times herein mentioned, the Defendant, William W. Krohn, was an agent or servant of the Defendant, American Motors Corporation, acting within the course and scope of his employment with his master, the Defendant, American Motors Corporation."

American Motors Corporation took

leaves to move or plead to the complaint until January 14, 1984, but on December 22, 1983, it served its separate answer to the complaint. In paragraph 5 of its answer it said:

"Denies, *for want of knowledge,* the allegations contained in paragraph 5 in the plaintiffs' Complaint." (Emphasis added.)

Paragraph 5 of the plaintiffs' complaint contained two separate averments, *viz.:* (1) that at the time of the collision which is the subject matter of the complaint, William W. Krohn was an agent or servant of the American Motors Corporation, and (2) that at the time of the collision which is the subject matter of the complaint, Krohn was acting within the course and scope of his employment as agent or servant of American Motors Corporation.

In pertinent part, Civ. R. 8(B) provides:

"If * * * [the defendant] is without knowledge or information sufficient to form a belief as to the truth of an averment, he shall so state and this has the effect of a denial. Denials shall fairly meet the substance of the averments denied. When a pleader intends in good faith to deny only a part or a qualification of an averment, he shall specify so much of it as is true and material and shall deny only the remainder."

With respect to denials for want of knowledge, it has been said:

"There is no expressed exception to the statement in the rule that a denial results when the pleader alleges he is without knowledge or information sufficient to form a belief. Yet it has been repeatedly held that this kind of denial must be a good faith denial since all allegations in the answer are subject to the good faith certification of Civil Rule 11. The defendant cannot allege he is without knowledge or information sufficient to form a belief when, with slight effort, the means for obtaining such knowledge is readily within his control. The purpose of such an allegation would be to delay justice or put plaintiff to unfair expense in proving the matter. Such an allegation has not been held to constitute a denial when the matter is plainly and necessarily within the defendant's knowledge so that the allegation must be untrue.

"If the defendant is a corporation, lack of knowledge or information to form a belief can only be asserted if the knowledge or information is not possessed within the corporation, since a corporation necessarily obtains its knowledge through officers, agents and employees." McCormac, Ohio Civil Rules Practice (1970) 152-153, Section 7.04.

It is inconceivable to this court that in the time available to it American Motors Corporation could not, from a search of its own internal records, discover whether Krohn was in its employ on March 26, 1982. If it could not have done so by December 22, 1983, when it served its answer, it may have been able to do so — had it made a diligent effort — by January 14, 1984, the last day of its leave to move or plead. Indeed, when it was to American Motors' advantage to discover the facts of the matter, it readily discovered that Krohn was not in its employ on that date. Thus, on or about January 5, 1984, plaintiffs served interrogatories on American Motors Corporation. Interrogatory No. 4 stated:

"4. State with particularity, the relationship between American Motors Corporation and William W. Krohn, as said relationship existed on March 26, 1982."

Interrogatory No. 5 stated:

"5. If Defendant, William W. Krohn was an employee of Defendant American Motors Corporation on March 26, 1982, state with particularity, the following: a.) position or job classification with Defendant American Motors Corp.; b.) the length of time Defendant Krohn had been so employed with American Motors Corp.; c.) whether or not

William Krohn is presently an employee of Defendant Corporation; d.) the last known residence address of Defendant William Krohn, as per Defendant American Motors' records."

Interrogatory No. 8 read:

"8. State whether Defendant American Motors Corp. took a written statement from any witnesses, including Defendant Krohn, with regard to the manner in which this collision occurred."

American Motors Corporation took two leaves to answer or object to these interrogatories, with the second leave expiring on March 31, 1984 — the fifth day after the statute of limitations had run on plaintiffs' claim against American Motors Corporation and/or American Motors Sales Corporation. Then, on April 2, 1984 (March 31, 1984, was a Saturday, so defendant had until Monday, April 2, 1984), well after the statute of limitations had run, it served its answers to plaintiffs' interrogatories. The respective answers read as follows:

"4. William Krohn was employed as an over-the-road driver by American Motors Sales Corporation — American Motors Sales Corporation is a wholly-owned subsidiary of American Motors Corporation."

"5. He was not an employee of American Motors Corporation."

"8. This defendant denies that any collision occurred but states that it did take a statement from defendant Krohn."

On this record, the court finds that plaintiffs have made a prima facie case that American Motors Corporation did not plead the defense of improper party until after the statute of limitations had run. Defendant's brief in opposition — which is not accompanied by any documentary evidence in testimonial form — does not rebut this prima facie case with any statement of facts cognizable by this court. Rather, it contents itself with stating:

"In the case at bar, of course, the Answer of defendant, American Motors Corporation, denied that it was the employer of defendant, William W. Krohn; and, therefore, served to immediately place plaintiffs' counsel on notice that he may have sued the wrong corporation."

But this is a blatant misconstruction of the effect of defendant's denial "for want of knowledge," a denial which could hardly have been made in good faith, given the evidence of this record. As Judge McCormac said in the material quoted above:

"Such an allegation has not been held to constitute a denial when the matter is plainly and necessarily within the defendant's knowledge so that the allegation must be untrue."

Accordingly, since plaintiffs have made a prima facie case for substitution of American Motors Sales Corporation for American Motors Corporation under the *Brush-Moore* doctrine, their motion for substitution shall be granted.

The court wishes to emphasize, however, that it is granting the motion for substitution based on the prima facie case established by the record and not rebutted by American Motors Sales Corporation. When served with the amended complaint, American Motors Sales Corporation may plead the statute of limitations as a defense, and if it can demonstrate that American Motors Corporation acted in good faith in its answer to the complaint and in its delay in answering the interrogatories served upon it until after the statute of limitations had run, then the defense of the statute of limitations will be good, and the action will be barred as to American Motors Sales Corporation.

*Judgment accordingly.*