GRAYBAR ELECTRIC COMPANY, INC., Appellee,

v.

KELLER ELECTRIC COMPANY, INC., Appellant.

[Cite as *Graybar Elec. Co. v. Keller Elec. Co.* (1996), 113 Ohio App.3d 172.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17680.

Decided July 31, 1996.

174

*Edward Learner,* for appellee.

*Joy Wagner,* for appellant.

BAIRD, Presiding Judge.

Defendant-appellant Keller Electric Company, Inc. appeals from the order of the Summit County Court of Common Pleas finding in favor of plaintiff-appellee Graybar Electric Company, Inc. on its complaint for a creditor's bill. We reverse because appellee failed to meet its burden of proof relative to one of the elements required for the granting of a creditor's bill.

On March 31, 1995, appellee filed a complaint for a creditor's bill, alleging:

1. On November 28, 1994, appellee obtained a judgment in the Common Pleas Court of Portage County against appellant in the amount of $22,191.71, plus interest and costs (the "Portage judgment").

2. On March 28, 1995, appellee obtained a judgment lien in Portage County against all real property owned by appellant (the "Portage lien").

3. On March 30, 1995, appellee transferred the Portage lien to the Common Pleas Court of Summit County.

4. Appellant failed to satisfy the Portage judgment.

5. Appellee "made a diligent search for goods and assets of [appellant] subject to attachment and can find no assets in the State subject to attachment."

6. Appellant owns an interest in a civil lawsuit, Summit County Common Pleas Court case No. CV 95–02–0669[1] (the "Summit action"), from which appellant is expected to receive a money judgment.

7. Appellee has "no plain, speedy or adequate remedy at law to collect its judgment" against appellant.

On the basis of the foregoing, appellee sought an order (1) enjoining the defendants in the Summit action from settling that action for an amount less than the amount of the Portage judgment; and (2) ordering the defendants in the Summit action to pay to appellee, from any judgment awarded to appellant in the Summit action, an amount sufficient to satisfy appellee's Portage judgment.

Appellee attached, as exhibits to its complaint, a copy of the Portage judgment, a copy of the Portage lien filed in Portage County, and a copy of the Portage lien filed in Summit County.

In its answer, appellant admitted that appellee had attached a judgment entry to its complaint, admitted that appellant was the plaintiff in the Summit action, and admitted that appellee had correctly identified the defendants in the Summit action. Appellant claimed that it was without sufficient information to form a belief as to the remainder of appellee's allegations.

On December 28, 1995, a bench trial was held on the creditor's bill complaint. Appellee introduced into evidence the same exhibits that it had attached to its complaint. Appellee, through counsel, also pointed out to the court that appellant had failed to allege in its answer that it had any other resources with which to pay the Portage judgment. Appellee noted:

"I mean, we have made a diligent search of the record and any of their assets. They are no longer in business. It was the—the record would reflect that we had to serve them through the Secretary of State since they no longer have an active place of business.

"And also the record will reflect that attempts to serve them at their primary place of business were returned for that reason.

"The chose in action that we are asking for a creditor's bill to effect, the item that we did find, was a lawsuit filed in February of 1995 * * *."

Following appellee's case, appellant moved for a directed verdict on the basis that appellee had failed to demonstrate that appellant "does not have sufficient real or personal property to satisfy the judgment." The court overruled the motion, noting "the difficulty in proving a negative" and finding that a "diligent search [by appellee] had produced no real or personal property or other assets

---

1. Case No. CV 95–02–0669 was later consolidated with case No. CV 91–02–0422.

subject to attachment or sale in satisfaction of the judgment." The court further found that appellee had established, by the preponderance of the evidence, a prima facie case in its complaint for a creditor's bill and that appellant had failed to rebut appellee's case. The court granted appellee a lien against any and all proceeds in the Summit action and enjoined the defendants in the Summit action from paying over to appellant any sum in settlement or satisfaction of those claims unless and until appellee's Portage judgment had been satisfied.

The sole issue presented by this appeal is whether appellee produced sufficient evidence to establish each of the elements required for a creditor's bill; specifically, whether appellee proved that appellant did not have sufficient personal or real property to satisfy the judgment in the Portage action.

■ In Ohio, an action for a creditor's bill is governed by R.C. 2333.01, which provides:

"When a judgment debtor does not have sufficient personal or real property subject to levy on execution to satisfy the judgment, any equitable interest which he has in * * * a money contract, claim, or chose in action, due or to become due to him, or in a judgment or order * * * shall be subject to the payment of the judgment by action."

■ An action for a creditor's bill pursuant to R.C. 2333.01 is equitable in nature. *Gaib v. Gaib* (1983), 14 Ohio App.3d 97, 99, 14 OBR 111, 113, 470 N.E.2d 189, 191. Generally, a court may exercise equity jurisdiction in favor of a judgment creditor "only when the remedy afforded him at law is ineffectual to reach the property of the debtor, or the enforcement of the legal remedy is obstructed by some incumbrance upon the debtor's property, or some fraudulent transfer of it." *Jones v. Green* (1864), 68 U.S. (1 Wall.) 330, 331–332, 17 L.Ed. 553, 555.

■ In a complaint for a creditor's bill, the complainant must aver generally that the judgment debtor does not have sufficient personal or real property subject to levy on execution to satisfy the judgment. *Bomberger v. Turner* (1862), 13 Ohio St. 263, 270; *Huston Assoc. v. VWV, Inc.* (Dec. 18, 1992), Lake App. No. 92–L–050, unreported, 1992 WL 387351. When the judgment debtor, in its answer, *denies* the complainant's averment, the plaintiff must offer evidence that the judgment debtor lacks sufficient property on which to levy execution. *Bomberger v. Turner, supra; Gaib v. Gaib,* 14 Ohio App.3d at 99, 14 OBR at 113, 470 N.E.2d at 191. See, also, *Jones v. Green,* 68 U.S. at 331–332, 17 L.Ed. at 554–555 (stating that, in an action requiring execution prior to the grant of a creditor's bill, a complainant may not rest on allegations that it has attempted to execute on its judgment but must present proof that an attempt at collection has

been made at law and failed; such proof may be established by the return *nulla bona* of the writ of execution by the officer to whom the execution was directed).

■   In the case before us, appellee stated in its complaint that appellee has "made a diligent search for goods and assets of [appellant] subject to attachment and can find no assets in the State subject to attachment." Appellant, in its answer, stated that "it is without sufficient information to form a belief" with respect to this allegation. Civ.R. 8(B) provides that in answering a complaint, "[i]f the party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state *and this has the effect of a denial.*" (Emphasis added.)

■   Appellee, relying on *State Farm Mut. Auto. Ins. Co. v. Krohn* (1985), 24 Ohio Misc.2d 3, 5, 24 OBR 67, 68, 492 N.E.2d 1262, 1264, maintains that appellant did not in fact deny appellee's allegation because an allegation that one is without knowledge sufficient to form a belief as to the truth of an averment does not constitute a denial when the matter is plainly and necessarily within a defendant's knowledge. As a preliminary matter, we note that *Krohn* is a decision of the Cleveland Municipal Court and, as such, is not binding authority on a court of appeals. See *N.R., Inc. v. Ohio Liquor Control Comm.* (1996), 113 Ohio App.3d 198, 680 N.E.2d 703. Moreover, the averment denied by appellant for want of knowledge was not "plainly and necessarily" within appellant's knowledge because appellant was not in a position to know whether appellee had "made a diligent search for goods and assets of [appellant] subject to attachment and can find no assets in the State subject to attachment."

Because appellant denied the allegations as to the sufficiency of its assets, appellee was required to produce evidence that appellant had no real or personal property from which appellee could satisfy its judgment. Appellee's counsel stated at trial only that "we have made a diligent search of the record and any of their assets," that appellant was no longer in business, and that it had to serve appellant through the Secretary of State because "they no longer have an active place of business." Even if we were to assume that the statements of counsel can somehow be considered to be evidence, none of the information so furnished goes to the issue of whether appellant lacked sufficient personal or real property subject to levy on execution from which appellee could satisfy its judgment.

Civ.R. 50(A)(4) governs the granting of a motion for a directed verdict and provides:

"When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that

conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

Because appellee offered *no evidence* that appellant was without assets subject to levy on execution, and because appellant denied this allegation in its answer, the trial court should have granted appellant's motion for a directed verdict.

Appellant's assignment of error is sustained, and this cause is remanded for entry of a directed verdict in favor of appellant consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

REECE and DICKINSON, JJ., concur.