JOURNAL ENTRY and OPINION
{¶ 1} Appellants University Hospitals of Cleveland (UH) and University Primary Care Practices, Inc. (UPCP) appeal from the trial court's grant of summary judgment in favor of Frederick D. Harris, M.D., Inc. (Harris, Inc.). In the proceedings below, appellants and Thomas L. Craig III (Craig) defended against a creditor's bill filed by Harris, Inc. and Frederick D. Harris, individually. Craig is not a party upon appeal. Appellants assign the following as errors for our review.
 {¶ 2} The trial court erred in granting summary judgment because genuine issues of material fact remain as to whether the monies attached pursuant to the creditor's bill that were due to Dr. Craig amounted to an improper attachment of earned compensation and/or a non-discretionary bonus rather than a discretionary bonus.
 {¶ 3} The trial court erred in granting summary judgment concerning plaintiff-appellee's creditor's bill and should have granted defendants-appellants' motion for summary judgment because it did not follow the legal precedent contained in Bank One, Cleveland N.A v. Lincoln Electric Co., Inc., 55 Ohio Misc. 7, 563 N.E.2d 381 (Cuy. Cty. 1990).
 {¶ 4} The trial court erred in granting plaintiff-appellee's creditor's bill and should have granted defendants-appellants' motion for summary judgment because the purported document filed with the trial court was ineffective since it was incomplete.
 {¶ 5} The trial court erred in granting plaintiff-appellee's creditor's bill and should have granted defendants-appellants' motion for summary judgment because such creditor's bill was not in compliance with Rule 11 of the Ohio Rules of Civil Procedure.
 {¶ 6} The trial court erred in granting plaintiff-appellee's creditor's bill and should have granted defendants-appellants' motion for summary judgment because insufficient evidence was presented that Thomas L. Craig, III, M.D. did not have sufficient real or personal property to levy upon at the time the purported creditor's bill was filed.
 {¶ 7} The trial court erred in failing to stay the creditor's bill action since plaintiff-appellee's right to relief is dependent on the appellate court's ruling in case numbers 76725 (sic: 76724) and 76785, presently pending before this court.
 {¶ 8} Having reviewed the record and pertinent law, we affirm the decision of the trial court. The apposite facts follow.
 {¶ 9} On April 21, 1999, Harris, Inc. obtained a $75,000 judgment against Thomas L. Craig, III, M.D. for breach of a non-competition clause in their employment contract. The breach resulted from Craig accepting employment with UPCP. Although the judgment was only in favor of Harris, Inc., on May 11, 1999, Harris, individually, as well as Harris, Inc., filed a creditor's bill against appellants seeking a lien on monies purportedly owed to Craig.
 {¶ 10} On or about September 30, 1999, appellants and Craig settled a dispute regarding termination of Craig's employment contract with appellants. Under the terms of the settlement, appellants agreed to pay Craig $63,726.64. Further, Craig signed a Cognovit Promissory Note in which he promised to repay $58,958.72 of the settlement to appellants if a competent court finds Harris' creditor's bill is valid and enforceable.[1] The value of this settlement was the subject of the creditor's bill and forms the basis of the current dispute.
 {¶ 11} Following cross-motions for summary judgment on the creditor's bill, on June 26, 2001, the trial court granted summary judgment in favor of Harris, Inc.[2] This appeal followed.
 {¶ 12} We consider an appeal from summary judgment under a de novo standard of review.[3] Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.[4] Under Civ.R. 56(C), summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can only reach one conclusion which is adverse to the non-moving party.[5]
 {¶ 13} Civ.R. 56(C) places upon the moving party the initial burdens of setting forth specific facts that demonstrate no issue of material fact exists and the moving party is entitled to judgment as a matter of law.[6] If the movant fails to meet this burden, summary judgment is not appropriate.[7] If the movant does meet this burden, summary judgment will only be appropriate if the nonmovant fails to establish the existence of a genuine issue of material fact.[8]
 {¶ 14} Although appellants attack various aspects of the creditor's bill and the trial court's final order, all assigned errors ultimately challenge the trial court's granting of summary judgment. Accordingly, we apply the de novo standard of review to each assigned error.
 {¶ 15} In their first two assigned errors, appellants argue the trial court erred in granting summary judgment because Harris, Inc. seeks to attach the creditor's bill to non-discretionary payments. We disagree.
 {¶ 16} A creditor's bill is an equitable measure by which a party having a valid judgment against a debtor may secure a lien on certain assets held by a third-party if the debtor lacks sufficient personal or real property to satisfy the judgment.[9] R.C. 2333.01 sets forth the criteria for a sufficient creditor's bill as follows:
 {¶ 17} When a judgment debtor does not have sufficient personal or real property subject to levy on execution to satisfy the judgment, any equitable interest which he has in real estate as mortgagor, mortgagee, or otherwise, or any interest he has in a banking, turnpike, bridge, or other joint-stock company, or in a money contract, claim, or chose in action, due or to become due to him, or in a judgment or order, or money, goods, or effects which he has in the possession of any person or body politic or corporate, shall be subject to the payment of the judgment by action.
 {¶ 18} Thus there are three essential elements to a claim under R.C. 2333.01: (1) the existence of a valid judgment against a debtor, (2) the existence of an interest in the debtor of the type enumerated in the statute, and (3) a showing that the debtor does not have sufficient assets to satisfy the judgment against him.[10]
 {¶ 19} In determining whether the payment from appellants to Craig is attachable via a creditor's bill, we must determine whether the payment was discretionary as argued by Harris, Inc., or non-discretionary earnings as held by appellants. If the payment was discretionary, then the bonus is an asset accessible only through a creditor's bill, but reachable in the full amount.[11] If the payment was non-discretionary earnings, then garnishment is the appropriate tool and the amount of funds subject to garnishment is limited by state and federal statute.[12]
 {¶ 20} In support of its motion for summary judgment, Harris, Inc. set forth a letter dated May 12, 1999 from appellants to Craig describing the payment as settlement of a dispute over the termination of Craig's employment contract with appellants. Harris, Inc. also provided a deposition excerpt of Phyllis Hall of University Hospital Management Services Organization who testified Craig's employment with appellants terminated on April 30, 1999, and that Craig received a payment from appellants in the amount of $63,726.64. Further, Craig provided a Cognovit Promissory Note requiring Craig to repay appellants the settlement amount if a court determines the creditor's bill is valid and enforceable.
 {¶ 21} In response, appellants argued a genuine issue of material fact existed because the payment was in the form of a non-discretionary bonus according to Craig's employment contract. Appellants attached a copy of the employment contract to its motion.
 {¶ 22} Although the contract provided for bonus payments to Craig, it remains undisputed that the payment at issue here came directly as a discretionary settlement of a dispute between appellants and Craig regarding termination of his employment contract. No genuine issue of material fact exists as to whether the creditor's bill properly applied to the payment from appellants to Craig. Accordingly, appellant's first and second assigned errors are without merit.
 {¶ 23} In their third through fifth assigned errors, appellants assail the adequacy of the creditor's bill. In these assigned errors, appellants argue the trial court erred in granting summary judgment because the creditor's bill (1) runs afoul of R.C. 2333.01 by not adequately alleging Craig possessed insufficient personal or real property which may satisfy the judgment and (2) violates Civ.R. 11 in that the pleading is incomplete and lists Harris individually as a plaintiff when the subject judgment only pertains to Harris, Inc. We disagree on both points.
 {¶ 24} We first resolve whether the creditor's bill complied with R.C. 2333.01. As indicated in our treatment of appellants' first and second assigned errors, there are three essential elements to a claim under R.C. 2333.01: (1) the existence of a valid judgment against a debtor, (2) the existence of an interest in the debtor of the type enumerated in the statute, and (3) a showing that the debtor does not have sufficient assets to satisfy the judgment against him.[13]
Appellants only dispute the third element.
 {¶ 25} The creditor's bill clearly stated Craig lacked personal and real property sufficient to satisfy the judgment. Craig answered that it remains to be determined whether this allegation is true; however, he did not deny its veracity. The burden of supporting the allegation that the debtor lacks personal or real property sufficient to satisfy the judgment lays upon the complainant only if the debtor denies the allegation.[14] Here, Craig failed to do so. Regardless, both parties concede Craig stated in his deposition that he lacks financial ability to repay the judgment. Because Harris, Inc. demonstrated Craig lacked sufficient personal or real property to satisfy the judgment, and because no other element is in question, we determine the creditor's bill complies with R.C. 2333.01.
 {¶ 26} We next determine whether the creditor's bill violates Civ.R. 11 which provides:
 {¶ 27} Every pleading, motion, or other document of a party represented by an attorney shall be signed by at least one attorney of record * * *. The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served. * * *.
 {¶ 28} The argument that the bill is deficient because it is incomplete fails because, although we cannot objectively determine the substance of the missing words, we view the complaint as a whole and see that all necessary elements are present so as to permit an adequate response. Further, the fact that the bill lists Harris individually as a plaintiff, as well as in his corporate capacity, has no bearing on Civ.R. 11. The record does not support the conclusion that Harris, Inc. filed the creditor's bill without good ground or for purpose of delay. Accordingly, the creditor's bill complies with Civ.R. 11, and appellants' third through fifth assigned errors are without merit.
 {¶ 29} In their sixth assigned error, appellants argue the trial court erred in granting summary judgment because two cases which could impact the validity of the judgment against him were pending before this court. We disagree.
 {¶ 30} The underlying judgment which forms the basis of the creditor's bill awarded damages against both Craig and appellants separately. The judgment which Harris, Inc. now attempts to execute via the creditor's bill stemmed from Harris, Inc.'s complaint against Craig for violating a non-competition clause in their employment contract. In the same case, the trial court also rendered judgment against appellants for tortuous interference with that contract. University Hospitals appealed to this court under case numbers 76724 and 76785.[15] The appeal only challenged the trial court's judgment against University Hospitals; Craig was not a party to the appeal.
 {¶ 31} On April 29, 2002, we affirmed in part and reversed in part the judgment of the trial court. Our ruling in no way impacted the validity of Harris, Inc.'s judgment against Craig.
 {¶ 32} Whether the trial court erred in declining to stay the proceedings relevant to the creditor's bill is moot. Our decision in appeal numbers 76724 and 76785 did not, and could not, impact the underlying judgment against Craig. Even if we were to consider this assigned error relevant, we would hold the trial court did not err because Craig was not a party to that appeal and our resolution could not affect the judgment against him. Accordingly, appellants' sixth assigned error is without merit.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and JAMES D. SWEENEY, P.J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] The difference of $4,767.92 between the settlement amount and the amount Craig agreed to repay as per the promissory note is attributable to a sales transaction between Craig and appellants.
[2] The lower court rendered judgment in favor of Harris, Inc. and not Harris, individually because the judgment forming the basis of the creditor's bill was only in favor of Harris, Inc.
[3] Baiko v. Mays (2000), 140 Ohio App.3d 1, citing Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35; Northeast Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs. (1997), 121 Ohio App.3d 188.
[4] Id., citing Brown v. Scotio Bd. Of Commrs. (1993),87 Ohio App.3d 704.
[5] Temple v. Wean United, Inc. (1997), 50 Ohio St.2d 317, 327.
[6] Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107.
[7] Id. at 293.
[8] Id.
[9] See R.C. 2333.01; See, also, Bank One, Cleveland, N.A. v. Lincoln Elec. Co. (1990), 55 Ohio Misc.2d 563.
[10] Richardson v. Fairbanks (1997), Franklin App. No. 97-APE03-384.
[11] Bank One, Cleveland, N.A.
[12] Id.
[13] Richardson.
[14] Graybar Elec. Co. v. Keller Elec. Co. (1996), 113 Ohio App.3d 176,177.
[15] Harris v. Univ. Hosps. of Cleveland, Cuyahoga App. Nos. 76724 and 76785, 2002-Ohio-983.