TERRY ET AL., APPELLANTS, *v.* CLAYPOOL ET AL., APPELLEES.

(No. 471—Decided July 4, 1945.)

*Messrs. Betts & Betts,* for appellants.
*Mr. Fred L. Eberhart,* for appellees.

GUERNSEY, J. This is an appeal upon questions of law and fact from a judgment of the Common Pleas Court of Hancock county, Ohio, in an action wherein O. G. Terry, Fred R. Hover and R. N. Larrimer were plaintiffs and P. E. Claypool and Olive J. Claypool were defendants, and the cause is submitted *de novo* to this court upon the original pleadings filed in the Common Pleas Court, and the evidence adduced in this court.

In their petition the plaintiffs, in substance, allege that on or about the 19th day of August 1942, they were awarded judgment for $1,200 against P. E. Claypool, one of the defendants, in case No. 26998 in the Court of Common Pleas of Hancock county; that they caused an execution to be issued on the judgment on or about the 8th day of September 1942, and delivered the execution to the sheriff of Hancock county who duly returned and filed the same on the same date, as not satisfied by reason of prior liens on the real estate levied upon consisting of an undivided one-half interest of the defendant P. E. Claypool in lots Nos.

4460 and 4461 in the Park addition in the city of Findlay, Hancock county, Ohio; that the prior liens at that time, as shown by the mortgage records of Hancock county, on book 128, page 555, consisted of a first mortgage of the whole of both such lots, in the amount of $1,325 to The Hancock Savings & Loan Company of Findlay, Ohio, the mortgage having been signed by P. E. Claypool and Olive J. Claypool as husband and wife; that subsequent thereto the plaintiffs caused an alias execution to issue against the interest of the defendant P. E. Claypool in the real estate and obtained an order of sale thereon; that the defendants devised and agreed between themselves for the defendant P. E. Claypool to pay the balance of $995.18 due on the mortgage, for the sole purpose of aiding the defendant P. E. Claypool in cheating plaintiffs out of the money due them; that the defendant P. E. Claypool has property in the value of or money in the amount of $1,000 in his possession or under his control which he conceals and refuses to disclose and account for; and that the payment of such indebtedness by him of the defendant Olive J. Claypool, which was her obligation and a lien on her individual interest in the real estate, constituted a fraud upon the plaintiffs herein as his creditors against which they have no adequate remedy at law. .

The prayer of the petition is that the court find the defendant P. E. Claypool to be subrogated to the extent of half the amount paid on the balance due on the mortgage on behalf of the defendant Olive J. Claypool; that the interest of the defendant P. E. Claypool in the premises described to be one-half of the $995.18 in addition to the undivided one-half interest in the premises; and that the plaintiffs have a first lien upon the amount to be taken first from the proceeds of the sale of the real estate for application upon their judg-

ment heretofore rendered in case No. 26998 and for other and full relief that may be just and proper.

The defendants P. E. Claypool and Olive J. Claypool filed separate unverified answers to the petition, denying each and every, all and singular, the material allegations in the petition of plaintiffs.

Without objection to the unverified answers, the case was submitted to this court.

The following facts appear in evidence:

Plaintiffs recovered a judgment against P. E. Claypool, as alleged in the petition. The judgment was on an account for legal services rendered by them to P. E. Claypool in a proceeding brought by P. E. Claypool to recover compensation under the Workmen's Compensation Act. The amount of compensation realized in the proceeding was between $4,500 and $4,800 which amount was paid direct to him by the Industrial Commission. Out of the compensation the defendant P. E. Claypool, on the 3rd day of June 1942, paid to The Hancock Savings & Loan Company the balance, amounting to $995.18, due on certain indebtedness then owing by him and his wife Olive J. Claypool to such company, the payment of which was secured by mortgage on lots Nos. 4460 and 4461 in the Park addition in the city of Findlay, Hancock county, Ohio, the title to which stood in the joint names of P. E. Claypool and Olive J. Claypool.

The mortgage indebtedness originally amounted to the sum of $1,325, but there is no evidence as to whether the funds used to pay the excess of the mortgage indebtedness over and above the sum of $995.18 was provided by P. E. Claypool or Olive J. Claypool, or both of them.

Execution was issued on the judgment of the plaintiffs against P. E. Claypool, to the sheriff of Hancock county, Ohio, was levied upon his undivided one-half

interest in the lots, and was duly returned, as in the petition alleged, and thereafter an alias execution was issued against the undivided one-half interest of the defendant P. E. Claypool in the lots, and an order of sale was obtained thereon.

In their briefs filed herein, the defendants contend that the petition does not state a. cause of action against the defendants.

While the petition is inartfully drawn, it does state a cause of action in the nature of a creditor's suit to subject real estate and equitable assets of the judgment debtor to the payment of plaintiffs' judgment, so that contention is without merit.

In their briefs the plaintiffs contend that by reason of the fact that the answers of the defendants were unverified such answers are ineffective to controvert the allegations in their petition and plaintiffs are entitled to judgment in their favor upon their petition. However, as stated above, the case was submitted upon the pleadings and the evidence without objection to the forms of answers, which constitutes a waiver of such objection, and the case will be considered in the same manner as if the answers were properly verified. As the case stands, it is not material that the answers were not verified, as the evidence adduced supports the allegations of the petition.

In order to determine what, if any, relief the plaintiffs are entitled to in this action it is necessary to consider certain rules of law applicable to suits of this character.

The plaintiffs, who were attorneys for P. E. Claypool in the proceeding to recover compensation under the Workmen's Compensation Act, are precluded by the provisions of Section 1465-88, General Code, from having any lien on the compensation received by P. E. Claypool in the proceeding. *Brewer* v. *Emmett*, 22 N. P. (N. S.), 425, 31 O. D., 384.

The doctrine of subrogation rests generally upon the principle that one who, for the purpose of protecting his own interest, pays the debt or liability of another, is entitled to and may enforce all the liens and securities of the party to whom he pays. 38 Ohio Jurisprudence, 249.

As the plaintiffs have no lien on the compensation received by P. E. Claypool, the proceeds of which were used to pay mortgage indebtedness of the defendants to The Hancock Savings & Loan Company, they are not entitled to be subrogated to the mortgage by reason of the fact that the fund which they assisted in creating was used in paying the mortgage indebtedness. However, the right of such subrogation arises from other facts alleged in the petition and in evidence, which we will discuss hereafter.

A creditor's suit, such as the instant action, has been defined as an equitable proceeding which is resorted to only when the creditor is unable to satisfy his claim at law, either on account of insufficiency of legal assets, or other circumstances rendering legal remedies inadequate. Such a suit is said to be in the nature of an equitable execution. 11 Ohio Jurisprudence, 983.

As the suit is in the nature of an equitable execution the judgment creditor to such suit subjects to the payment of his judgment only such right as the judgment debtor has in the property involved, and in enforcing such right against third parties, he is entitled to such remedies and securities as the judgment debtor would be entitled to in the premises, and is subject to the same defenses as the judgment debtor would be subject to.

Under the provisions of Section 11760, General Code, which is largely declaratory of the general principles of chancery on the subject, " 'any equitable in-

terest which' the judgment debtor 'has in real estate, as mortgagor, mortgagee, or otherwise, or any interest he has in * * * a money contract, claim, or chose in action, due or to become due to him * * * shall be subject to the payment of the judgment, by action.' " 11 Ohio Jurisprudence, 998.

Where two or more are under a common obligation to perform some lawful duty involving the expenditure of money, and one of them performs the whole duty and discharges the obligation, he is entitled to have contributory reimbursement from the others equally bound with him. It is immaterial whether the common liability is joint, several, or joint and several. 9 Ohio Jurisprudence, 667.

Since the general rule is based on principles of equity and justice, contribution will be denied where considerations of justice demand that result. 9 Ohio Jurisprudence, 668.

Proof of payment of more than a moiety of the debt by one of the parties under a common obligation, raises a *prima facie* case for contribution. *Gaster* v. *Waggoner*, 26 Ohio St., 450; 9 Ohio Jurisprudence, 712.

"As between joint debtors, there is no presumption of law that either is primarily liable for the debt; nor is there a presumption that any fact or relation between them exists which would show that each is not equitably bound, as between themselves, to pay his proportionate share of the debt. If there be such primary liability, or if there be no equitable obligation as between themselves to pay proportional shares, the facts which rebut the presumed equity should be set up by way of defense, and need not be negatived in a petition for contribution." *Gaster* v. *Waggoner, supra,* at pages 451 and 452.

Applying the rules mentioned to the facts in evidence, it is clear that the plaintiffs in this proceeding are entitled to have the undivided one-half interest of

the defendant P. E. Claypool in the real estate described subjected to the payment of their judgment. It is also clear that the payment by P. E. Claypool of $995.18, in satisfaction of the balance due on the mortgage indebtedness, which originally amounted to $1,325, constituted the payment by him of more than a moiety of the debt which was a common obligation of himself and his wife, Olive J. Claypool, and proof of this raises a *prima facie* case for contribution.

Under the rule relating to subrogation, P. E. Claypool was entitled to enforce all the liens and securities of the loan company, as against Olive J. Claypool, to secure contribution by her of the excess paid by him on the indebtedness over and above the amount of his moiety.

By this creditor's suit the plaintiffs have subjected the right of P. E. Claypool against Olive J. Claypool for such contribution to the payment of their judgment debt, with all the rights to enforce the same that he (Claypool) had, including the right of subrogation to the mortgage, to enforce such contribution.

There being no evidence and no presumption as to whether P. E. Claypool or Olive J. Claypool paid the balance of the mortgage indebtedness over and above the sum of $995.18, the court, in the absence of any defense interposed by the defendant Olive J. Claypool showing a contrary state of facts, and of any evidence on the subject, must assume that neither of the joint debtors paid any amount beyond his or her moiety of such excess.

The case, on the pleadings and the evidence, then stands as if $995.18 constituted the whole of the mortgage indebtedness and as if that amount was owed jointly by the debtors, the party paying not being primarily liable for the debt, and no facts existing which would not entitle him to the equitable right of contribution.

In this situation the court holds that the plaintiffs are entitled to have the undivided one-half interest of the defendant P. E. Claypool in the lots hereinbefore mentioned, sold and the proceeds applied to the payment of their judgment; that P. E. Claypool was entitled to contribution from the defendant Olive J. Claypool in the sum of $497.59, with interest from June 3, 1942, being the excess he paid on the joint indebtedness over and above his moiety, and to enforce the lien of the mortgage of The Hancock Savings & Loan Company to secure the payment of such contribution; and that the plaintiffs have, by this suit, succeeded to all the rights of P. E. Claypool to such contribution and the enforcement thereof.

It is, therefore, ordered, adjudged and decreed by the court that the undivided one-half interest of P. E. Claypool in the lots be sold and the proceeds, after the payment of costs herein, be applied to the payment of the judgment of the plaintiffs against him; and that the claim for contribution in the amount aforesaid is a lien on the undivided one-half interest of Olive J. Claypool in the lots, and, unless she shall pay the amount thereof to the clerk of this court for application on the judgment of plaintiffs, within ten days after the entry of the judgment and decree, the lien shall be foreclosed and her interest in the premises be sold to satisfy the lien, and the amount of the claim for contribution shall be paid to the plaintiffs out of the proceeds thereof.

It is further ordered, adjudged and decreed that the defendants pay the costs of this action.

*Decree accordingly.*

MIDDLETON, P. J., and JACKSON, J., concur.