RILEY ET AL. *v.* KESSLER ET AL.

(No. 82-1427—Decided June 23, 1982.)

Court of Common Pleas of Lucas County.

Mr. *Keithley B. Sparrow* and Mr. *Thomas E. Willging,* for plaintiffs.

Mr. *Sheldon M. Rosen,* for defendant clerk of municipal court.

Mr. *Patrick Johnson* and Mr. *John Landwehr,* for defendant American Motors Jeep Corp.

Mr. *Keith Cramer,* for defendant Detroit Auto Inter Insurance Exchange.

Mr. *Richard Malone,* for defendant Osterman Jewelers.

RESNICK, J. This cause came to be heard on the motion of the plaintiffs for a preliminary injunction, memoranda in support of that motion, the complaint and affidavits of the plaintiffs, and a judgment entry signed by attorneys for the parties and for members of the defendants' class of creditors. Because this is a case of first impression in Ohio, the court feels constrained to express the reasons for its decisions to grant a temporary restraining order and to approve the class action settlement as required under Civ. R. 23 (E) even though the parties have consented to the Judgment Entry.

The facts are simple and uncontroverted. Plaintiffs are a class of employees of Jeep Corporation whose vacation pay was garnished on June 4, 1982. The pay was due to them on that date pursuant to the collective bargaining agreement between United Auto Workers (UAW) Local 12 and the Jeep Corporation. Vacation pay is computed according to a formula based on the number of hours worked during the preceding year and the seniority of the employee. It is paid just prior to the shutdown of production facilities for a temporary period, usually two to three weeks.

Defendants are a class of judgment creditors who filed non-wage attachments against the vacation pay of plaintiffs. Use of the non-wage form led the employer to withhold one hundred percent of the vacation pay of the employees affected. On June 7, 1982, this court issued a temporary restraining order prohibiting payment of the proceeds of those attachments to the municipal court or to the creditors. Jeep Corporation and the Clerk of the Toledo Municipal Court were also named as defendants. A hearing on plaintiffs' motion for a preliminary injunction was scheduled for June 10, 1982. At that hearing, representatives of all of the parties and many non-party creditors indicated their consent to a declaratory judgment and permanent injunction.

The central issue in the case is simply whether vacation pay constitutes personal earnings of the employee. If it does, R.C. 2329.66(A)(13) and (16) and Section 1673, Title 15, U.S. Code, apply and limit the garnishment to twenty-five percent of disposable earnings. In addition, the limitations of R.C. 2715.01 *et seq.* apply.

The court holds that vacation pay does constitute personal earnings, subject to garnishment or attachment only by compliance with statutory wage garnishment procedures.

The term "earnings" has traditionally been considered to be an expansive and comprehensive term, more extensive even than "wages." *B. F. Goodrich Rubber Co.* v. *Yellow Taxi Corp.* (1935), 154 Misc. 440, 277 N.Y. Supp. 468 (taxi driver commissions are "earnings"); *Burns* v. *Maurer* (1911), 72 Misc. 481, 131 N.Y. Supp. 344, 345 (free board is part of "earnings"); *First National Bank of Wilkes-Barre* v. *Barnum* (D. Pa. 1908),

160 F. 245, 247 (payments for music lessons). In short, earnings have been held to be the "returns from skill and labor in whatever way acquired." *Id.* at 247.

Vacation pay is based on the labor of individual wage earners. "The function of their accrued vacation pay is to support the basic requirements of life for * * * [wage earners] and their families during brief vacation periods or in the event of layoff." *Lines* v. *Frederick* (1970), 400 U.S. 18, 20. As such, "it is a part of their wages." *Id.*

Four factors have been held to be important in deciding whether vacation pay constitutes earnings of the employee. *Electrical Workers Local No. 1 Credit Union* v. *IBEW-NECA Holiday Trust Fund* (Mo., *en banc,* 1979), 583 S.W. 2d 154. They are: (1) whether contributions are proportioned to the hours worked, (2) whether employees with a minimum number of hours have a right to receive the pay, (3) whether the payor has an obligation to withhold taxes, and (4) whether the parties agreed to the payment in the collective bargaining agreement. The terms of the Collective Bargaining Agreement proffered by the plaintiffs show that all four factors are present in this case.

Finally, the court's conclusion is supported by the holdings of numerous courts, in a wide range of contexts, that vacation pay is part of a worker's earnings. *Lines* v. *Frederick, supra* (bankruptcy); *People* v. *Bishopp* (1976), 56 Cal. App. 3d Supp. 8, 128 Cal. Rptr. 923, 924-925 (wage payment statute); *Brampton Woolen Co.* v. *Local Union 112* (1948), 95 N.H. 255, 61 A. 2d 796, 797 (collective bargaining agreement); *Adams Potato Chips, Inc.* v. *N.L.R.B.* (C.A. 6, 1970), 430 F. 2d 90, 91 (National Labor Relations Act); and *Employers Reinsurance Corp.* v. *Beaty* (Tex. Civ. App. 1979), 576 S.W. 2d 481 (computation of average weekly wage). See, generally, 43A Words and Phrases, "Vacation Pay," and 44A Words and Phrases, "Wages." See, also, Annotation, Construction and Effect of Vacation Pay Clause in Collective Labor Agreement, 30 A.L.R. 2d 351.

Ohio considers vacation pay to be earnings for purposes of unemployment compensation. R.C. 4141.31(A)(5). Failure to accord the same treatment to vacation pay in the context of this case would produce a situation in which a worker had no income during a temporary layoff, yet would be deemed to have earned vacation pay and thus be deprived of unemployment benefits. We cannot presume that the legislature intended such a harsh and inconsistent use of the term "earnings."

Therefore, the court concludes, as the parties have agreed, that any sums paid by an employer to an employee for vacation are personal earnings within the meaning of R.C. 2329.66 and Section 1673, Title 15, U.S. Code, and are subject to exemption as personal earnings. As personal earnings, the vacation pay can by garnished at a maximum of twenty-five percent of the disposable earnings and is further subject to all Ohio and federal limitations on wage garnishments.

*Judgment accordingly.*