BANK ONE, CLEVELAND, N.A. *v.*
LINCOLN ELECTRIC COMPANY, INC.
ET AL.

(No. 179997—Decided
April 23, 1990.)

Court of Common Pleas of
Cuyahoga County.

*Weltman, Weinberg & Associates
Co., L.P.A.,* and *Richard M. May,* for
plaintiff.

*Glenn E. Forbes,* for defendants
Robert E. Reichert and Lincoln Elec-
tric Co.

JAMES J. MCMONAGLE, J. This
matter came on for hearing on
December 22, 1989. The parties
stipulated that the Cuyahoga County
Court of Common Pleas has jurisdic-
tion over this case and that good ser-
vice was obtained upon defendant
Robert E. Reichert. Moreover, the par-
ties stipulated that on or about
December 23, 1988, plaintiff recovered
a judgment against defendant Reichert
in Painesville Municipal Court in case
No. 88-CIV-F-1675 in the sum of
$3,373.97 plus interest at the rate of
19.8 percent per annum from June 27,
1988 to December 13, 1988, amounting
to $348.09 plus interest thereafter and
court costs. Further, the parties
stipulate that defendant Lincoln Elec-
tric Company, Inc. is holding a bonus
which is due and owing to defendant
Reichert in the gross amount of
$4,696.12 less taxes in the sum of
$1,550.18, leaving a net bonus amount
of $3,145.94. An affidavit of Sue
McNeice, an agent of Bank One, in-
dicates that the balance due on the
judgment as of December 20, 1989 is
$4,408.52 plus interest at the rate of
19.8 percent per annum and court
costs.

Plaintiff's petition for a creditor's
bill alleges that defendant Reichert has
insufficient real or personal property
to fully liquidate the judgment balance.

After obtaining judgment in the
municipal court and before the filing of
the instant creditor's bill, plaintiff filed
five garnishments of defendant
Reichert's personal earnings at his
place of employment, Lincoln Electric
Company, Inc. ("Lincoln Electric").
The answer of the employer to each of
these garnishments was that the
defendant-employee had insufficient
earnings. This was particularly true
once the deduction was made for
defendant's obligation to the Lake
County Bureau of Support.

The issue confronting this court is
whether defendant Reichert's bonus,
in the possession of defendant Lincoln
Electric Company, Inc., is subject to
the payment of plaintiff's judgment by
virtue of the filing of this creditor's bill
pursuant to R.C. 2333.01.

R.C. 2333.01 recites in pertinent
part as follows:

"When a judgment debtor does not
have sufficient personal or real proper-
ty subject to levy on execution to
satisfy the judgment, an equitable in-
terest which he has in real estate as
mortgagor, mortgagee, or otherwise,
or any interest he has in a banking,
turnpike, bridge, or other joint-stock
company, or in a money contract,
claim, or chose in action, due or to
become due to him, or in a judgment or

order, or money, goods, or effects which he has in the possession of any person or body politic or corporate, shall be subject to the payment of the judgment by action."

A creditor's bill action brought under this code section is equitable in nature. *Gaib* v. *Gaib* (1983), 14 Ohio App. 3d 97, 14 OBR 111, 470 N.E. 2d 189. Consequently, it is appropriately brought when a judgment debtor has insufficient real or personal property to levy on to satisfy the judgment. *Lakeshore Motor Freight* v. *Glenway Industries* (1981), 2 Ohio App. 3d 8, 2 OBR 8, 440 N.E. 2d 567; *Gaib, supra.* The mere filing of a creditor's bill secures a lien on the assets of defendant which are enumerated in R.C. 2333.01, provided the plaintiff has satisfied the pleading requirement of insufficient real and personal property. *Palumbo* v. *Indus. Comm.* (App. 1941), 35 Ohio Law Abs. 169, 40 N.E. 2d 675; *Gaib, supra.*

The plaintiff herein, Bank One, Cleveland, N.A., has met this pleading burden and has alleged that the debtor, Robert E. Reichert, has insufficient real and personal property to satisfy the judgment it obtained against him in Painesville Municipal Court. Ohio courts have noted that an action in the nature of a creditor's suit under R.C. 2333.01 allows a judgment creditor to reach:

"* * * equitable assets which, by reason of encumbrances thereon or uncertainties respecting title or valuation, cannot be effectively subjected under the ordinary legal process of execution by way of judgment liens, attachment or garnishment. *Union Properties* v. *Patterson* (1944), 143 Ohio St. 192 [28 O.O. 111]; *Dunbar* v. *Harrison* (1868), 18 Ohio St. 24; *Terry* v. *Claypool* (1945), 77 Ohio App. 87 [32 O.O. 353]. * * *" *Lakeshore Motor Freight* v. *Glenway Industries, supra,* at 9, 2 OBR at 10, 440 N.E. 2d at 569.

Herein, then, this court must reflect upon whether or not the bonus payable to Reichert by Lincoln Electric constitutes earnings. If it does, then garnishment is the appropriate tool and the amount of funds subject to garnishment is limited by state and federal statute. If it does not, then the bonus is an asset accessible only through a creditor's bill, but reachable in the full amount.

"Earnings" is a broad term which encompasses more than wages. *Riley* v. *Kessler* (1982), 2 Ohio Misc. 2d 4, 2 OBR 351, 352, 441 N.E. 2d 638, 639. It has been held to mean the "returns from skill and labor in whatever way acquired.* * *" *First National Bank of Wilkes-Barre* v. *Barnum* (D. Pa. 1908), 160 F. 245, 247; *Riley* v. *Kessler, supra,* at 5, 2 OBR at 352, 441 N.E. 2d at 640.

With reference to garnishment, R.C. 2716.01 provides in part:

"(C) As used in this chapter:

"(1) 'Employer' means a person who is required to withhold taxes out of payments of personal earnings made to a judgment debtor.

"(2) 'Personal earnings' means money, or any other consideration or thing of value, that is paid or due to a person in exchange for work, labor, or personal services provided by the person to an employer."

Congress frowns upon unrestricted garnishment of personal compensation, and for purposes of consumer credit protection, Section 1672(a), Title 15, U.S. Code, specifically provides:

"The term 'earnings' means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program."

In the case of *Gerry Elson Agency,*

*Inc.* v. *Muck* (Mo. App. 1974), 509 S.W. 2d 750, at 753, the court opined:

"It seems clear that in ruling [on] this matter the courts are not concerned with and should ignore any 'label' given to the money due, *i.e.* wages, salary, commission, etc. The sole criterion for the exemption is that the funds ('earnings') subject to the garnishment, in fact and in a strict sense, represent 'compensation' for 'personal services.'"

Applying this rationale and looking at Ohio and federal law, the Ashtabula County Court of Appeals, in *BancOhio National Bank* v. *Box* (Aug. 4, 1989), Ashtabula App. No. 88-A-1418, unreported, held that a commission constituted personal earnings and that the trial court should have restricted the garnishment pursuant to federal standards:

"While the trial judge was correct in concluding Ohio law was not applicable, and that federal law was, it erred by failing to apply that law. Garnishments may be subject to both state and federal law. However, as previously noted, the more restrictive one, the one resulting in the smallest garnishment, is the one which is applicable.

"The federal law provides that up to '25 per cent [of an individual's] disposable earnings for that week,' may be subject to garnishment. 15 USCS § 1673. Thus, the court should have applied this law and determined what amount of the commission was subject to garnishment pursuant to the federal law." *Id.* at 5-6.

In an independent analysis based solely upon testimony and evidence presented, the Court of Appeals for Cuyahoga County found that a bonus (coincidentally, also payable from Lincoln Electric) was "other than personal earnings" and thus unprotected from the reach of creditors even when

trusteeship proceedings have been instituted. *Kalasunas* v. *Brydle* (June 18, 1987), Cuyahoga App. No. 52379, unreported. In the eyes of the court of appeals, the evidence presented was somewhat contradictory, but the court was persuaded by the testimony of J. Gilbert Fray, assistant personnel director of Lincoln Electric Company, in which he described the bonus system:

"* * * He indicated that the annual bonus is a function of an employee's merit rating and money available from company profits for the year. The payment of the bonus is discretionary. The employee handbook specifies that the bonus is not a gift and that it does not happen automatically. It further indicates that no employee is entitled to a bonus or to a particular amount. It is designed to share the results of efficient operation on the basis of the contribution [of] each person to the success of the company each year." *Id.* at 5.

Given this discretionary nature of the bonus, the appellate court affirmed the trial court's decision that the Lincoln Electric bonus was other than personal earnings.

In view of the fact that the *Kalasunas* decision arose in the Eighth Appellate District of Cuyahoga County and that the court directly confronted the question of a bonus from Lincoln Electric, this court is bound by the *Kalasunas* determination. Therefore, this court holds that defendant Robert E. Reichert's bonus, in the possession of defendant Lincoln Electric Company, Inc., is other than personal earnings. Consequently, the bonus amount of $3,145.94 is hereby declared subject to the payment of plaintiff's judgment by virtue of the filing of this creditor's bill pursuant to R.C. 2333.01.

*Judgment for plaintiff.*