**In re Eugene L. DOEMLING, t/a Walnut Street Properties; and Regina A. Doemling, Debtors.**

**Bankruptcy No. 88–2103.**

United States Bankruptcy Court, W.D. Pennsylvania.

July 7, 1990.

Bernhard Schaffler, Schaffler & Bohm, Pittsburgh, Pa., for debtors.

Mark L. Glosser, Pittsburgh, Pa., for The Committee of Unsecured Creditors.

## MEMORANDUM OPINION

**BERNARD MARKOVITZ, Bankruptcy Judge.**

This matter is before the Court pursuant to a Stipulation entered into by Debtors and The Committee of Unsecured Creditors ("Committee").

Debtors' Amended Plan of Reorganization ("Plan") makes no provision for distribution to creditors of any recovery which may be realized from Debtors' contemplated tort action. The Committee has objected to the Plan on the basis that the tort action, which arose subsequent to the Chapter 11 filing, should be included in Debtors' bankruptcy estate. In order to expedite this bankruptcy case, Debtors and the Committee seek to resolve the issue raised by the objection by means of the stipulation.

The Committee maintains that the tort action is property of Debtors' bankruptcy estate pursuant to 11 U.S.C. § 541(a)(7) and that any recovery derived therefrom accordingly must be distributed to creditors.

Debtors maintain that the tort action is not property of the bankruptcy estate be-

cause it accrued after commencement of this case.

■ This Court determines, for reasons set forth below, that the tort action is *not* property of Debtors' bankruptcy estate.

### Stipulation

Debtors and the Committee have stipulated to the following:

On August 9, 1988, Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

On January 15, 1989, Debtor Regina A. Doemling was struck by an automobile driven by James Gillespie. Mrs. Doemling has incurred medical expenses in excess of $100,000.00 as a result of the accident.

Both Debtors in this case may bring tort actions against Mr. Gillespie and/or his employer. Mrs. Doemling may bring a personal injury action which would include claims for reimbursement of medical expenses and for pain and suffering. Mr. Doemling may bring an action for loss of consortium.

### ANALYSIS

An estate was created when Debtors filed their voluntary Chapter 11 petition on August 9, 1988. *See* 11 U.S.C. § 541(a). It includes, with two exceptions not relevant here, "... all legal or equitable interests of the debtor in property as of the commencement of the case". 11 U.S.C. § 541(a)(1).

The scope of § 541(a)(1) is broad and pervasive. *See U.S. v. Whiting Pools, Inc.*, 462 U.S. 198, 204, n. 9, 103 S.Ct. 2309, 2313, n. 9, 76 L.Ed.2d 515 (1983).

It includes all kinds of property, including tangible or intangible property, causes of action ..., and all other forms of property currently specified in section 70a of the Bankruptcy Act ...

H.R.Rep. No. 95–595, p. 367 (1977); *also* S.Rep. No. 95–595, p. 82 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5868, 6323.

■ A test for determining whether a given property interest is included in the estate is whether the property interest in question "is sufficiently rooted in the pre-bankruptcy past and so little entangled with the bankrupt's ability to make an unencumbered fre₀h start". *Segal v. Rochelle*, 382 U.S. 375, 380, 86 S.Ct. 511, 515, 15 L.Ed.2d 428 (1966).

Section 541(a)(1) undoubtedly includes causes of action which belong to a debtor *as of the commencement of the bankruptcy case.* The tort actions at issue in this case, however, did not accrue until some five (5) months *after* commencement of this case. Consequently, they are not included in the bankruptcy estate by virtue of § 541(a)(1).

The Committee does not contend that the tort actions are property of the estate pursuant to § 541(a)(1). Rather, it contends that they are property of the estate pursuant to § 541(a)(7), which provides that the estate includes "[a]ny interest in property that the estate acquires after commencement of the case". 11 U.S.C. § 541(a)(7).

This contention is incorrect. The circumstances presented in this case are such that the tort actions are *not* included in Debtors' Chapter 11 bankruptcy estate.

Had Debtors proceeded under either Chapters 7 or 13 of the Bankruptcy Code, resolution of the issue would be simple. Were this a Chapter 13 case, the tort actions undoubtedly would be property of Debtors' bankruptcy estate. In a Chapter 13 case:

[p]roperty of the estate includes, in addition to the property specified in section 541 of this title, ... all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under Chapter 7 or 11 of this title, whichever occurs first ...

11 U.S.C. § 1306(a)(1). Such a result is not relevant to the present case. Chapter 11 has no counterpart to § 1306(a)(1).

The United States Court of Appeals for the Third Circuit has held, in a Chapter 7 case, that causes of action for defamation and for tortious interference with contractual relations which had accrued postpetition were *not* property of debtor's estate

pursuant to § 541. *See In re Bobroff,* 766 F.2d 797, 803–04 (3rd Cir.1985).

*Bobroff* may or may not be helpful in deciding this case. No explanation was provided for the holding that tort actions which had occurred postpetition were not property of the estate. It is not clear whether the holding is due to the fact that the case had proceeded under Chapter 7 or whether it was due to other considerations which also apply in Chapter 11 cases.

■ Relatively few courts have been called upon to determine whether a property interest which was acquired postpetition in a Chapter 11 case qualifies as property of the estate pursuant to § 541(a)(7). The following principle can, however, be extracted from certain of those cases: a property interest acquired postpetition during the pendency of a Chapter 11 case qualifies as property of the estate, for purposes of § 541(a)(7), only if said property interest is traceable to (or arises out of) some prepetition property interest which already is included in the bankruptcy estate. *See,* for instance, *In re Acton Food Services Corp.,* 39 B.R. 70, 72 (Bankr.D.Mass.1984) (a cause of action which accrued postpetition was property of the bankruptcy estate because the injury was to a prepetition property interest which had become part of the bankruptcy estate upon the filing of the petition); *also, In re Weyland,* 63 B.R. 854, 864 (Bankr.E.D.Wis.1986) (a contract which was awarded postpetition was property of the bankruptcy estate because it was "sufficiently rooted" in the debtor's pre-bankruptcy past and because its inclusion in the bankruptcy estate would not impair the debtor's ability to make an unencumbered fresh start).

■ Until a Chapter 11 debtor can be reorganized pursuant to a plan of reorganization under 11 U.S.C. §§ 1121–1129, the trustee (or debtor-in-possession) is authorized to manage the property of the estate and to continue operating debtor's business. *See* 11 U.S.C. § 1108. In order to facilitate reorganization, all of debtor's property essential to running its troubled business must be included in the bankruptcy estate. Reorganization would have little chance of success "if property essential to running the business were excluded from the estate". *See U.S. v. Whiting Pools, Inc.,* 462 U.S. at 203, 103 S.Ct. at 2313. The above principle furthers the congressional objective of encouraging and fostering Chapter 11 reorganizations by requiring that only property acquired postpetition which is rooted in debtor's pre-bankruptcy past be included in the bankruptcy estate. Property which is not so "rooted" is not included in the estate.

The above principle also accords with the express language of § 541(a)(7), which provides that any interest in property that the *estate* (as opposed to the individual debtor) acquires postpetition is included in the estate. Property interests acquired by the *estate* after commencement of the case will, in most instances, arise out of property in which the debtor had an interest as of commencement of the case.

Debtors' postpetition causes of action are *not* property of their bankruptcy estate pursuant to § 541(a)(7) because they are not attributable to an injury to a prepetition property interest which became property of their bankruptcy estate upon commencement of this bankruptcy case. Rather, the causes of action arise out of an unfortunate accident which occurred some five (5) months after commencement of this Chapter 11 proceeding and which resulted in injury to the *person* of Mrs. Doemling and not to any property interest of their estate.

An appropriate Order will be issued.