**In re Anne SAYRE, Debtor.**

**Louis Yoppolo, Trustee, Plaintiff,**

**v.**

**First Citizens National Bank, et al., Defendants.**

**No. 03–3332.**

United States Bankruptcy Court, N.D. Ohio.

July 26, 2004.

Anne M. Sayre, Fostoria, OH, pro se.

Louis J. Yoppolo, Toledo, OH, trustee.

### DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after a Trial on the Plaintiff/Trustee's Complaint

for Turnover and Declaratory Relief. This matter was tried in conjunction with the Trustee's Complaint to Deny the Debtor's discharge. The sole issue tried in the instant adversary proceeding concerned which Party had a superior interest in a $10,000.00 check for which the Debtor was the remitter: the Trustee or the Debtor. For the reasons set forth below, this Court holds that the Debtor's bankruptcy estate is the sole interest holder in this check, thereby conferring upon the Trustee, as administrator of the estate, complete authority to dispose of this check in accordance with bankruptcy law. 11 U.S.C. § 323.

## DISCUSSION

Matters concerning a determination as to estate property are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A)/(E) & (O). Accordingly, this Court has been conferred with the jurisdictional authority to enter a final order in this matter. 28 U.S.C. § 157(b)(1); § 1334.

■ Immediately upon the filing of a bankruptcy case an estate is created. 11 U.S.C. § 541(a). This estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." From this definition, it has been repeatedly held that the scope of estate property is very broad so as to encompass practically every conceivable interest a debtor may have in property. *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 203–05, 103 S.Ct. 2309, 2312–13, 76 L.Ed.2d 515 (1983); *In re Greer*, 242 B.R. 389, 393 (Bankr.N.D.Ohio 1999). As the legislative history for § 541 states, property of the estate "includes all kinds of property, including tangible or intangible property, causes of action ...." H.R.Rep. No. 95–595, p. 367 (1977); S.Rep. No. 95–989, p. 82 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5868, 6323. In

looking to whether a debtor has an interest in property, state law controls in the absence of a strong countervailing federal interest; while federal law will determine if that interest will be included in the estate. *In re Booth*, 266 B.R. 105, 111 (Bankr.N.D.Ohio 2000).

■ As applied here, the undisputed facts of this case show as follows:

Approximately three to four years ago, the Debtor, together with her ex-fiancé, purchased a home. Title to the home was taken in the names of both parties. On or about October 2, 2002, after their engagement had been terminated, the Debtor sold her home. From the sale of this property, the Debtor received a check, in her name only, in the amount of $23,589.11. From these funds, the Debtor made certain transfers. Relevant here, the Debtor obtained, as the remitter, a $10,000.00 cashier's check dated November 29, 2002, jointly payable to "Clerk of Courts Sandusky County/Roger W. Hafford." Pursuant to an order entered by this Court, the Trustee presently maintains, subject to a further order, exclusive control and possession of the funds corresponding to this check.

On December 6, 2002, the Debtor filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code.

Upon applying these facts to the present state of the law, as was set forth above, the Court is able to discern at least to two legal grounds to sustain the Trustee's interest in the $10,000.00 check (and any funds received therefrom) free from any claim of the Debtor. The Debtor offered no arguments in opposition.

First, the Debtor's status with respect to the $10,000.00 check was that of remitter. Under Ohio law, applicable here, the

remitter of a check "means a person who purchases an instrument from its issuer if the instrument is payable to an identified person other than the purchaser." O.R.C. § 1303.31(A)(13). Thus, Ohio law recognizes the remitter of a check as the owner, thereby conferring upon them an interest in the property for purposes of § 541(a).

 Second, it is axiomatic that a person titled in property has, to the extent of their title, an interest in that property for purposes of § 541(a). In this case, therefore, since the funds represented by the check were obtained from the sale of a prepetition asset which was titled in the Debtor's name, such funds fall squarely within the definition of estate property under § 541(a). Moreover, the fact that the property interest may have changed forms does not affect this result; under § 541(a)(7) as long as a fund is traceable to estate property, such fund, despite any metamorphosis, will remain estate property. *In re Doemling*, 116 B.R. 48, 50 (Bankr.W.D.Pa.1990). With respect to this statement, however, a point of clarification is necessary. In this case, the Court is only faced with and is only ruling on the question as to the Trustee's right in the check vis-a-vis the Debtor, not that of any third parties. Consequently, this Decision does not adjudicate whether the Trustee, by way of an avoiding action, is entitled to terminate the interest of the other Parties having a potential interest in the $10,000.00 check.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that as against the Defendant/Debtor, Anne Sayre, the Plaintiff/Trustee is hereby declared the absolute and undisputed owner (including any funds received therefrom) of the $10,000.00 check, dated November 29, 2002, for which the Debtor/Defendant was the remitter.