Smith, J.
As we understand, it is conceded on all hands that the fund in the hands of the court for distribution is to be paid out, so far as necessary to do so, as follows: First, to the payment of the taxes and assessments, if any, on the real estate which was sold; second, to the payment of the costs in this case, and, third, to the payment of. the Heilker mortgage. The residue would then be payable, if the claim of Teresa is settled (as it is suggested it is or will be), to the two brothers, Robert and Albert Tischler, subject to the claims of the other parties to the suit against the same.
Three claims are asserted against the share of Robert, viz.,by Anna Fleischer, the Ringgold Building Association, and Messrs. Goebel & Bettinger.
First. The claim of Mrs. Fleischer arose as follows: On June 24, 1895, she recovered a judgment in the court of common pleas of this county against said Robert Tischler for $762,50. On December 21, 1895, she caused an execution to be issued thereon, directed to the sheriff of this county, who returned the same, finding no goods or chattels, lands and tenements whereon to levy; and on December 21, 1895, she filed in the court of common pleas a creditor’s bill against said defendant, seeking to subject his equitable interest in certain lands, afterwards sold in this case (he having no legal estate therein), to the payment of said judgment. Said action is still pending, awaiting the determin *167 ation of this case in this court, all parties being before the •court and asserting their claims, in this court.
Louis Reemelin, for Mrs. Fleischer.
Goebel & Bettinger, Scott Bonham, Robertson & Buch■tvalter, Stallo, Richard & Shaw and Heillcer & Heilker,lor various Defendants.
Second. By the Ringgold Building Association. It .-secured a judgment against defendant Robert Tischler in the superior court of this city'for $724.84, October 28, 1895. No execution was issued on this until October 27, 1900. By the decree of this court, on June 13, 1900,'the ■equitable interest of Robert in’the real estate producing the fund had been converted into a legal estate, and before the ■issuance of this execution, October 27, 1900, the real estate ■had been sold and the money was in the hands of the sheriff.
Third. Goebel & Bettinger. Their claim arose in this way: They were the attorneys for Robert Tischler in this litigation, and on March 12, 1895, he agreed to pay them ■for their services herein $500, and to transfer to them any decree rendered in his favor to secure the same, and on October 1, 1900, after said decree, he assigned to them all bis interest in writing, which was duly filed with the clerk.
Neither the judgment of Mrs. Fleischer, or that of the 'building association became a lien on the interest of Robert Tischler in this land, as he had only an equity therein. But by the commencement of the action by Mrs. F. against ihim, in the nature of a creditor’s bill, she did, as against •all other of his creditors who did not hold specific liens on bis interest in said land, obtain a priority as to the funds •or interest so sought to be. appropriated to the payment of ■her claim. Such seems to be the undisputed law of this ■state. 13 Ohio, 197-8; 6 Ohio, 156; 60 Ohio St., 206. Mrs. Fleischer is then entitled to be first paid out of Robert’s share; and Goebel & Bettinger, by virtue of the ■assignment to them by said Robert of his interest in the judgment to the extent of their claim, come next, and have priority over the building association, and these two claims ■of Mrs. Fleischer and Goebel & Bettinger, it is said, aré ■more in amount than the share of Robert. Distribution will be made accordingly.