This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Edward J. Hanz, has appealed from the judgment of the Summit County Court of Common Pleas, granting summary judgment to appellee, Morgan Bank. This Court affirms.
Morgan Bank obtained a money judgment against The Walter Boos Company ("Boos") in the Summit County Court of Common Pleas in the amount of $318,517.03 on October 6, 2000. On the same date, Morgan Bank filed a creditor's suit, pursuant to R.C. 2333.01, which forms the basis of this appeal. Through that action, Morgan Bank sought to satisfy a portion of its judgment by attaching $140,000 in proceeds from a life insurance policy of which Boos was the alleged owner and beneficiary. Within that action, Morgan Bank alleged, and Boos admitted, that Boos had insufficient real or personal property to otherwise satisfy the debt. Morgan Bank named Boos and the Security-Connecticut Life Insurance Company ("Security-Connecticut"), issuer of the insurance policy, as defendants in the suit. Morgan Bank sought to have Security-Connecticut pay the proceeds directly to itself instead of to Boos. Security-Connecticut answered, admitting that Boos was the owner and beneficiary of a life insurance policy of a recent decedent and did have a claim for entitlement to the proceeds of that policy. Security-Connecticut also sought dismissal from the action as an improper party.
On December 28, 2000, Edward J. Hanz obtained his own judgment in the Summit County Court of Common Pleas against Boos in the amount of $167,983.44. On January 8, 2001, Hanz then filed a motion to intervene in Morgan Bank's creditor's action against Boos, pursuant to Civ.R. 24. He maintained that his claim shared a question of law or fact with the main action, and disposition of that action would impair or impede his ability to protect that interest unless he was permitted to intervene. Over the objection of Morgan Bank, the motion was granted. Hanz filed a third party complaint and sought to have the insurance proceeds paid to him, as opposed to Morgan Bank.
Thereafter, upon agreement of the parties, Security-Connecticut deposited the proceeds of the insurance policy in a bank account in the name of all counsel and was dismissed as a party to the action. The remaining parties were ordered to proceed as on summary judgment. Morgan Bank filed a motion for summary judgment and Hanz opposed the motion. The central question before the trial court was the priority of claim, as between Morgan Bank and Hanz, to the proceeds of the insurance policy owned by Boos and payable to it as beneficiary. The trial court granted summary judgment to Morgan Bank, finding that it had priority because it had obtained a judgment against Boos before Hanz did, and also that Morgan Bank had initiated the present creditor's action before Hanz intervened.
Hanz now appeals from the grant of summary judgment. He has, however, presented propositions of law in his brief to this Court, a procedure that is inconsistent with the appellate rules. App.R. 16(A)(3). This Court will consider the issues presented, as they are briefed and argued by Hanz, and restated by this Court, as his three assignments of error for review.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
In his first assignment of error, Hanz contends that money he loaned to Boos was used to pay the premiums of the insurance policy at issue. Hanz reasons, therefore, that he obtained an ownership interest, constituting a "possessory lien" on the policy. Such interest, he continues, affords him a priority, pursuant to R.C. 1309.29, over the interest of Morgan Bank. For the following reasons, this Court finds the argument to be without merit.
Morgan Bank initially brought its creditor action pursuant to R.C.2333.01. That statute has been said to preserve the common law remedy of a creditor's bill. Brusman v. Susanjar (1960), 113 Ohio App. 544, 546. The statute provides as follows:
 When a judgment debtor does not have sufficient personal or real property subject to levy on execution to satisfy the judgment, any equitable interest which he has in real estate as mortgagor, mortgagee, or otherwise, or any interest he has in a banking, turnpike, bridge, or other joint-stock company, or in a money contract, claim, or chose in action, due or to become due to him, or in a judgment or order, or money, goods, or effects which he has in the possession of any person or body politic or corporate, shall be subject to the payment of the judgment by action.
R.C. 2333.01.
A creditor's action, brought pursuant to this statute, enables a judgment creditor to obtain assets of a judgment debtor that cannot be reached by mere execution of the judgment. See, e.g., Gaib v. Gaib
(1983), 14 Ohio App.3d 97, 99. These equitable interests may include insurance proceeds. Federal Deposit Ins. Co. v. Willoughby (1984),19 Ohio App.3d 51, 55. Ohio case law under R.C. 2333.01 and its predecessor, G.C. 11760, have established that, upon commencement of a creditor's suit, the judgment creditor acquires a lien on a debtor's equitable assets.[1] See Shaw v. Foley (1900), 62 Ohio St. 30, 39-40;Gaib v. Gaib (1983), 14 Ohio App.3d 97, 99; Federal Deposit Ins.,19 Ohio App.3d at 55. When the plaintiff secures an equitable lien, he also achieves priority over creditors of the judgment debtor not holding specific liens upon his interest in the property at issue. Swanbeck v.Sheaves (Mar. 7, 1986), Lucas App. No. L-85-237, unreported.
The record establishes that Morgan Bank filed a creditor's action on October 6, 2000, to satisfy its previously obtained judgment, and service of process was properly obtained. Therefore, on October 6, 2000, Morgan Bank secured a lien on the assets of Boos which were the subject of the R.C. 2333.01 action, i.e., the insurance proceeds. Such a lien is equitable in nature, and is entitled to priority over other equitable liens acquired subsequently. Gaib v. Gaib (1983), 14 Ohio App.3d 97,99-100.
Hanz moved to intervene in the creditor's action initiated by Morgan Bank on January 8, 2001, and was permitted, over objection, to do so. He filed a third-party complaint on January 17, 2001, contending that he had a money judgment against Boos, and sought to satisfy that judgment from the life insurance proceeds at issue.
In its motion for summary judgment below, Morgan Bank pointed to evidentiary materials establishing that it had obtained a judgment against Boos, filed a creditor's suit and obtained proper service upon it; that Hanz obtained his judgment against Boos subsequent to that of Morgan Bank, and intervened in Morgan Bank's creditor's suit after Morgan Bank had commenced the matter; that the insurance policy was owned by Boos; and that Boos was the beneficiary of the proceeds of that policy. Morgan Bank, therefore, established a legal claim of priority and supported it with undisputed facts of record.
The burden then fell to the nonmovant to demonstrate that there did exist a genuine issue of material fact. In the context of this case, in order to avert an award of summary judgment to Morgan Bank, Hanz was obligated to raise a genuine issue of material fact as to the priority claim of Morgan Bank. In support of his position, Hanz offered an affidavit from the president of Boos[2], which attests that, without the loans made by Hanz, the company "would have been unable to continue its operations." The affidavit further states that, if Boos had ceased operations, the company would not have been able to acquire or keep in effect the "key-man" life insurance policy whose proceeds are now sought by Morgan Bank and Hanz. Hanz asked the trial court to conclude from this affidavit that the policy was paid for with funds that he provided, that the policy was designed to protect Hanz's financial investment in the company, and, ultimately, that he acquired an ownership interest in the policy.
While the influx of this capital may well have been important to the continued operation of the company, the affidavit does not establish ownership of the life insurance policy in Hanz — or even create a genuine issue of fact as to its ownership. The affidavit does not suggest that Hanz's funds were used to obtain the life insurance policy in question at all. In fact, the affidavit presented by Hanz supports the conclusion that the funds were applied generally to the operating needs of Boos. Furthermore, the insurance documents, as demonstrated by the materials presented by Morgan Bank, indicate that the policy was owned by Boos and that the company itself was the beneficiary, not Hanz. Finally, there is no evidence suggesting that the life insurance policy was purchased for the benefit of Hanz, nor is there any indication of any ownership interest in the insurance policy by Hanz. Therefore, Hanz failed to establish a genuine issue of material fact as to whether Hanz had an ownership interest in the insurance policy that entitled him to priority over the equitable lien secured by Morgan Bank on October 6, 2000.
In addition, this Court notes that, while Hanz argued below that he had an ownership interest in the policy, he failed to present arguments below that he had acquired a "possessory lien" in the insurance policy or that he was entitled to priority pursuant to R.C. 1309.29. Hanz contends on appeal that his claimed "possessory lien," entitles him to priority, pursuant to R.C. 1309.29,[3] over the equitable lien of Morgan Bank. R.C. 1309.29 provides:
 When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest unless the lien is statutory and the statute expressly provides otherwise.
This provision has been said to relate to common law artisan's liens. See, e.g., Commonwealth Loan Co. v. Berry (1965), 2 Ohio St.2d 169, 170;Superior Savings Credit Union v. Doerschuk (Dec. 29, 1986), Stark App. No. CA-6945, unreported. It has awarded a certain priority to persons who have furnished services or materials in the ordinary course of their business with respect to goods that are in their possession. See the Official Comment to R.C. 1309.29. See, also, Defiance Production CreditAssn. v. Hake (1980), 70 Ohio App.2d 185, 188. This statute has also required possession of the goods by the party who sought the lien. Id.
Because Hanz's argument regarding a possessory lien is similarly dependent upon establishing ownership in the life insurance policy, this Court need not address this argument beyond what it already has. Moreover, arguments not brought to the attention of the court below may not be raised for the first time on appeal. Schade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207, 210. Therefore, a party has waived the right to contest an issue on appeal if that issue was in existence prior to or at the time of trial and the party did not raise it at the appropriate time in the court below. See Little Forest Medical Ctr. of Akron v. OhioCiv. Rights Comm. (1993), 91 Ohio App.3d 76, 80; Varisco v. Varisco
(1993), 91 Ohio App.3d 542, 545.
Hanz has also appended exhibits to his appellate brief that were not introduced in the proceedings below. Such materials are not part of the record on appeal and may not be considered pursuant to App.R. 12(A).State v. Booher (1988), 54 Ohio App.3d 1, 15; State v. Spencer (May 22, 1991), Lorain App. No. 90CA004890, unreported. For all of the above reasons, the first assignment of error is overruled.
For his second assignment of error, Hanz disputes as legal authority,Miers v. Zanesville Maysville Turnpike Co. (1842), 11 Ohio 273, which was relied upon by the trial court to award priority to Morgan Bank. He seeks to distinguish Miers on the basis that the two creditors in that proceeding filed in chancery courts of different counties, whereas in the case at bar, the two creditors filed in the same court, and, in fact, the same action. Hanz also argues that the underlying basis of the Miers
decision has been replaced by the Ohio Revised Code. He then, again, bases his claim for priority on the theory that he holds a "possessory lien."
This Court does not agree that the distinctions argued by Hanz separate the principle holding of Miers from the case at bar. While attempting to distinguish Miers, Hanz advances no legal authority in support of his argument that intervention in a creditor's suit entitles the intervenor to claim priority equal to that of the initiator of the suit. Once Morgan Bank filed its creditor's action on October 6, 2000, Hanz could no longer obtain a similar priority over Morgan Bank by commencing his own creditor's action. Given that the controlling law provides a lien and priority over unsecured creditors when the action is commenced, and not upon its conclusion, it would be inequitable to permit Hanz, as a subsequent intervenor, to obtain equal footing with a party that acted diligently to preserve its rights.
Nor does this Court find that the basic holding of Miers is no longer valid. The principle that a lien attaches at the commencement of a creditor's suit has been reiterated on many occasions since that case was decided. See, e.g., Miers v. Zanesville Maysville Turnpike Co. (1844),13 Ohio 197, 198 (Miers II); Dunbar v. Harrison (1868), 18 Ohio St. 24,38; Cincinnati v. Hafer (1892), 49 Ohio St. 60, syllabus; HuntingtonCtr. Assoc. v. Schwartz (Sept. 26, 2000), Franklin App. No. 00AP-35, unreported; Swanbeck v. Sheaves (Mar. 7, 1986) Lucas App. No. L-85-237, unreported, quoting Tischler v. Tischler (1901), 21 Ohio C.C. 166; Gaibv. Gaib (1983), 14 Ohio App.3d 97, 99. Furthermore, the present statute, R.C. 2333.01, is identical to the prior section of the General Code. Cf. G.C. 11760. See Russ Financial v. Greenberg (Apr. 23, 1976), Erie App. No. E-75-38, unreported. The second assignment of error is, therefore, overruled.
For his third assignment of error, Hanz argues that the trial court erred in granting summary judgment to Morgan Bank. Initially, he contends that he was not able to present evidence to rebut the evidence presented by Morgan Bank at the proceedings below, though he failed to state, either on appeal or in the court below, exactly what evidence he was prohibited from presenting. Hanz acknowledges that Morgan Bank filed a motion for summary judgment and that he filed a brief in opposition. The summary judgment procedure allows both parties to file evidentiary materials in support of their positions. Civ.R. 56(A), (B), (C), and (E). Indeed, the failure to do so may be fatal to either of their positions. Civ.R. 56(E); Dresher v. Burt (1996), 75 Ohio St.3d 280, 296. Furthermore, the record in this case reveals that Hanz did, in fact, attach a sworn affidavit to its response to Morgan Bank's motion for summary judgment. Since Hanz was able to present one affidavit, he must also have had the opportunity to present additional evidentiary materials. If, however, Hanz is attempting to suggest that he wished to present additional evidence that could not properly be advanced through an affidavit, then he had an obligation to so state, by way of affidavit, to the trial court. Civ.R. 56(F). Otherwise, the parties are bound to the record created below.
Hanz also contends that reasonable minds could come to different conclusions regarding the claims of the two creditors for the insurance proceeds. Hanz's argument, however, is based upon legal distinctions. In other words, Hanz disputes the legal conclusion of the trial court as to the priority of the two claims. He does not argue that the facts of this case present a genuine issue material to its disposition. The only issue before this Court is the legal question of the priority of the two claims, as presented by undisputed facts. Hanz relies, for his part, upon the argument that he has attained priority through R.C. 1309.29. As discussed above, this Court has concluded that Hanz is not entitled to a priority over Morgan Bank on the basis of that statute. The final assignment of error is overruled.
Hanz's three assignments of error having been overruled, the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
BATCHELDER, P.J., BAIRD, J. CONCUR.
[1] Prior to the adoption of the civil rules of procedure, the commencement of a suit was considered to be upon service of process and creditor's bills were considered to be commenced only upon service of process. See, e.g., Shaw v. Foley (1900), 62 Ohio St. 30, 39-40. Under the rules of civil procedure, a suit is generally considered to be commenced upon the filing of a complaint, provided proper service is obtained. Civ.R. 3. Nevertheless, some appellate districts continue to consider that in a creditor's suit, an equitable lien attaches only at service of process. See, e.g., Russ Financial v. Greenberg (Apr. 23, 1976), Erie App. No. E-75-38, unreported; Rushworth v. Rosie (Oct. 22, 1999), Geauga App. No. 98-G-2186, unreported. The difference is inconsequential to this case, however, because service of process was obtained in a timely manner and before Hanz sought to intervene.
[2] The president of the company is also the son of the appellant, Edward Hanz.
[3] This section has been repealed, effective July 1, 2001.